STATE OF NORTH CAROLINA v. DARREN WILLIAM DENNISON

No. 179A04

(Filed 4 March 2005)

**Appeal and Error— preservation of issues—failure to object—failure to allege plain error**

Defendant waived his right to appellate review of the admission of evidence of defendant's prior acts of violence because he failed to object when the witness testified and failed specifically and distinctly to allege plain error.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 163 N.C. App. 375, 594 S.E.2d 82 (2004), reversing a judgment entered upon defendant's conviction for first-degree murder by Judge A. Moses Massey on 20 May 2002 in Superior Court, Guilford County, and awarding defendant a new trial. On 6 October 2004, the Supreme Court allowed the State's petition for discretionary review as to additional issues. Heard in the Supreme Court 7 February 2005.

*Roy Cooper, Attorney General, by Steven M. Arbogast, Special Deputy Attorney General, for the State-appellant.*

*Daniel Shatz for defendant-appellee.*

PER CURIAM.

In this case, the Court of Appeals held that defendant was prejudiced when evidence of prior violent acts he committed against his former girlfriend, Melanie Tellado, was admitted at trial. However, even assuming *arguendo* that the admission of this evidence was error, defendant waived his right to appellate review of this issue because he failed to object when Tellado testified. *See* N.C. R. App. P. 10(b)(1) (a party must timely object to preserve a question for appellate review); *see also State v. Roache*, 358 N.C. 243, 292, 595 S.E.2d 381, 413 (2004) (A motion *in limine* fails to preserve for appeal an issue of admissibility of evidence if the defendant does not object at the time the evidence is admitted at trial.); *State v. Valentine*, 357 N.C. 512, 525, 591 S.E.2d 846, 856-57 (2003) (where the trial court sustained the defendant's earlier objection but later admitted the same evidence without objection, the benefit of the earlier objection is lost). Moreover, because defendant did not "specifically and dis-

tinctly" allege plain error as required by North Carolina Rule of Appellate Procedure 10(c)(4), defendant is not entitled to plain error review of this issue. N.C. R. App. P. 10(c)(4). Accordingly, the decision of the Court of Appeals is reversed and this case is remanded to that court for consideration of defendant's remaining assignments of error.

REVERSED AND REMANDED.