CLAUDE M. VIAR, JR., Co-administrator of the Estate of MEGAN RAE VIAR, Deceased, and Co-administrator of the Estate of MACEY LAUREN VIAR, Deceased v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

No. 109A04

(Filed 7 April 2005)

**Appeal and Error— failure to comply with Appellate Procedure Rules—dismissal of appeal**

The Court of Appeals should have dismissed plaintiff's appeal in an action under the Tort Claims Act for failure to comply with Rules 10 and 28(b) of the Rules of Appellate Procedure. The majority opinion in the Court of Appeals erred by applying Rule 2 of the Rules of Appellate Procedure to suspend the Rules and address the issue, not raised or argued by plaintiff, which was the basis of the Industrial Commission's decision.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 162 N.C. App. 362, 590 S.E.2d 909 (2004), reversing and remanding a decision and order entered by the North Carolina Industrial Commission on 20 August 2002. Heard in the Supreme Court 6 December 2004.

*DeVore, Acton & Stafford, P.A., by Fred W. DeVore, III, for plaintiffs-appellees.*

*Roy Cooper, Attorney General, by William H. Borden, Special Deputy Attorney General, Robert T. Hargett, Special Deputy Attorney General, and Ann Reed, Senior Deputy Attorney General, for the defendant-appellant.*

PER CURIAM.

On appeal to this Court, defendant contends that plaintiff's appeal should be dismissed in accordance with Judge Tyson's dissenting opinion in the Court of Appeals for violation of the Rules of Appellate Procedure. We agree.

The North Carolina Rules of Appellate Procedure are mandatory and "failure to follow these rules will subject an appeal to dismissal." *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999). In the instant case, plaintiff has failed to comply with Rule 10 and Rule 28(b). With respect to assignments of error, Rule 10(c) provides the following:

> (1) *Form; Record References.* A listing of the assignments of error upon which an appeal is predicated shall be stated at the conclusion of the record on appeal in short form without argument, and shall be separately numbered. Each assignment of error shall so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned. An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references. Questions made as to several issues or findings relating to one ground of recovery or defense may be combined in one assignment of error, if separate record or transcript references are made.

N.C. R. App. P. 10(c)(1). In this case, plaintiff presented two assignments of error, neither of which was numbered or made specific record references. Moreover, the second stated assignment of error did not "state plainly, concisely and without argumentation the legal basis upon which error [was] assigned."

With respect to an appellant's brief, Rule 28(b) requires the following:

> (6) An argument, to contain the contentions of the appellant with respect to each question presented. Each question shall be separately stated. Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. Assignments of error not set out in the appellant's brief, or in support of which no

reason or argument is stated or authority cited, will be taken as abandoned.

N.C. R. App. P. 28(b)(6). Plaintiff made no argument as to the first stated assignment of error in his brief to the Court of Appeals. Thus, this assignment of error is deemed abandoned under Rule 28(b)(6). Nevertheless, plaintiff's brief in the Court of Appeals refers to assignment of error one and then to the pages of the record containing the dissenting opinion in the Industrial Commission. Moreover, plaintiff's second stated assignment of error purports to challenge the Industrial Commission's conclusion of law, but the arguments in plaintiff's brief in the Court of Appeals do not address the issue upon which the Industrial Commission's conclusion of law was based.

The majority opinion in the Court of Appeals, recognizing the flawed content of plaintiff's appeal, applied Rule 2 of the Rules of Appellate Procedure to suspend the Rules. The majority opinion then addressed the issue, not raised or argued by plaintiff, which was the basis of the Industrial Commission's decision, namely, the reasonableness of defendant's decision to delay installation of the median barriers. The Court of Appeals majority asserted that plaintiff's Rules violations did not impede comprehension of the issues on appeal or frustrate the appellate process. *Viar v. N.C. Dep't of Transp.*, 162 N.C. App. 362, 375, 590 S.E.2d 909, 919 (2004). It is not the role of the appellate courts, however, to create an appeal for an appellant. As this case illustrates, the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule. *See Bradshaw v. Stansberry*, 164 N.C. 284, 164 N.C. 356, 79 S.E. 302 (1913).

For the reasons stated herein and in that portion of the dissenting opinion in the Court of Appeals addressing plaintiff's violation of the Rules of Appellate Procedure, plaintiff's appeal should have been dismissed by the Court of Appeals. The decision of the Court of Appeals is vacated and plaintiff's appeal is dismissed.

DISMISSED.