STATE OF NORTH CAROLINA v. ROY BUCHANAN

No. COA04-1089

(Filed 7 June 2005)

**Appeal and Error— preservation of issues—failure to renew motion to dismiss at close of all evidence—Rule 2**

Defendant's appeal from convictions of maintaining a dwelling to keep a controlled substance, manufacturing marijuana, and possession of drug paraphernalia that asks the Court of Appeals to invoke Rule 2 of the North Carolina Rules of Appellate Procedure to prevent a manifest injustice is dismissed, because: (1) defendant failed to comply with N.C. R. App. P. 10(b) by failing to renew his motion to dismiss at the close of all evidence; and (2) the Court of Appeals may not review an appeal that violates the Rules of Appellate Procedure even though such violations neither impede comprehension of the issues nor frustrate the appellate process.

Appeal by Defendant from conviction entered 21 August 2003 by Judge Ronald K. Payne in Superior Court, Henderson County. Heard in the Court of Appeals 19 April 2005.

STATE v. BUCHANAN

[170 N.C. App. 692 (2005)]

*Attorney General Roy Cooper, by Assistant Attorney General Jill A. Bryan, for the State.*

*Allen W. Boyer, for the defendant-appellant.*

WYNN, Judge.

Recently, in *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005),[1] our Supreme Court admonished this Court to avoid applying Rule 2 of the Rules of Appellate Procedure even in instances where a party's "Rules violations did not impede comprehension of the issues on appeal or frustrate the appellate process." Defendant, recognizing that he has not preserved the grounds for his appeal from convictions of maintaining a dwelling to keep a controlled substance, manufacturing marijuana, and possession of drug paraphernalia, asks this Court to invoke Rule 2 to prevent a manifest injustice. Because we are constrained to follow the dictates of *Viar,* we must hold that Defendant's failure to comply with Rule 10(b) by failing to renew his Motion to Dismiss at the close of all evidence mandates a dismissal of this appeal.

Under Rule 10(b) of our Rules of Appellate Procedure as adopted by our Supreme Court:

> *In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make* if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.
>
> * * *
>
> A defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action, or for judgment as in case of nonsuit, at trial. *If a defendant makes such a motion after the State has presented all its evidence and has rested its case and that motion is denied and the defendant then introduces evidence, his motion for dis-*

---

1. "It is not the role of the appellate courts . . . to create an appeal for an appellant. . . . [T]he Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless[.]" *Viar*, 359 N.C. at 402, 610 S.E.2d at 361.

*missal or judgment in case of nonsuit made at the close of State's evidence is waived. Such a waiver precludes the defendant from urging the denial of such motion as a ground for appeal.*

A defendant may make a motion to dismiss the action or judgment as in case of nonsuit at the conclusion of all the evidence, irrespective of whether he made an earlier such motion. If the motion at the close of all the evidence is denied, the defendant may urge as ground for appeal the denial of his motion made at the conclusion of all the evidence. However, *if a defendant fails to move to dismiss the action or for judgment as in case of nonsuit at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged.*

N.C. R. App. P. 10(b) (emphasis added); *see also, e.g., State v. Richardson*, 341 N.C. 658, 676-77, 462 S.E.2d 492, 504 (1995) (The defendant's motion to dismiss after the close of the State's evidence was denied and he "did not renew his motion to dismiss at the close of all the evidence. Thus, under Rule 10(b)(3) of the North Carolina Rules of Appellate Procedure, the issue of insufficiency was not preserved for appellate review.")

Here, at the close of the State's evidence, defense counsel moved for a dismissal and directed verdict of acquittal based on the State's failure to make a *prima facie* showing. When asked by the trial court "Do you wish to be heard" on the motion, defense counsel stated "Nothing further, Judge." The motion was then denied. At the close of all evidence, the trial court expressly asked "Anything else for the defendant?" The response: "Nothing from the defendant, Your Honor." Thus, Defendant waived his motion to dismiss by presenting evidence after making such motion, and failing to make a motion to dismiss at the close of all evidence. Accordingly, Defendant is precluded from urging the denial of a motion to dismiss as the ground for his appeal.

Nonetheless, Defendant asks this Court to invoke Rule 2 of our Rules of Appellate Procedure to review this unpreserved issue. Rule 2 states:

To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend

or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C. R. App. P. 2. While we acknowledge that this Court and our Supreme Court have on many occasions invoked Rule 2 to allow a defendant access to our appellate process, two recent cases from our Supreme Court constrain our invocation of Rule 2.

In *Viar*, 359 N.C. at 402, 610 S.E.2d at 361, our Supreme Court stated that this Court may not review an appeal that violates the Rules of Appellate Procedure even though such violations neither impede our comprehension of the issues nor frustrate the appellate process. The Supreme Court stated: "It is not the role of the appellate courts . . . to create an appeal for an appellant. . . . [T]he Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless[.]" *Id.*

In *State v. Dennison*, 359 N.C. 312, 608 S.E.2d 756 (2005), the State appealed from this Court's decision holding that Defendant was prejudiced by the improper admission of prior acts under Rule 404(b). Moreover, this Court found that Defendant had sufficiently preserved his Motion in Limine by moving to strike the evidence at trial. However, upon review, our Supreme Court, in a *per curiam* opinion, stated:

> [E]ven assuming arguendo that the admission of this evidence was error, defendant waived his right to appellate review of this issue because he failed to object when Tellado testified. *See* N.C. R. App. P. 10(b)(1) (a party must timely object to preserve a question for appellate review) . . . . Accordingly, the decision of the Court of Appeals is reversed . . . .

*Id.* at 312-13, 608 S.E.2d at 756.

In dismissing the appeal in *Dennison* without considering its merits, our Supreme Court implicitly found that neither this Court's finding of prejudicial error, which allowed the defendant a new trial, nor the sentence of life imprisonment imposed upon the defendant were sufficiently compelling reasons to invoke Rule 2 to prevent a manifest injustice to the defendant.

**STATE v. BUCHANAN**

[170 N.C. App. 692 (2005)]

Because even under the far more compelling facts of *Dennison* Rule 2 was not invoked to prevent a manifest injustice, we are compelled to dismiss Defendant's appeal.

Dismissed.

Judge BRYANT concurs.

Judge JACKSON concurs in result only.