LEO MAY, Plaintiff v. DOWN EAST HOMES OF BEULAVILLE, INC., d/b/a DOWN EAST HOMES OF JACKSONVILLE, Defendant

No. COA05-547

(Filed 3 January 2006)

**Appeal and Error—assignments of error—broad, vague, and unspecific—appeal dismissed**

Assignments of error asserting that the trial court's rulings were "contrary to the caselaw of this jurisdiction" were too broad, did not identify the issues briefed on appeal, and resulted in dismissal of the appeal.

Appeal by plaintiff from order entered 24 January 2005 by Judge Charles H. Henry in Jones County Superior Court. Heard in the Court of Appeals 1 December 2005.

*Albert L. Willis, for plaintiff-appellant.*

*Yates, McLamb & Weyher, L.L.P., by Brian M. Williams and White & Allen, P.A., by Gregory E. Floyd, for defendants-appellees.*

**MAY v. DOWN E. HOMES OF BEULAVILLE, INC.**

[175 N.C. App. 416 (2006)]

LEVINSON, Judge.

Leo May (plaintiff) appeals the dismissal of his cause of action and his Rule 11 motion for sanctions against Down East Homes (defendant). We dismiss the appeal.

On 2 June 2004 plaintiff filed a verified complaint against defendant asserting it negligently performed a contract of 1 July 2002 between plaintiff and defendant for installation of septic services to plaintiff's newly purchased mobile home. Plaintiff alleged that, in hooking up the new septic system, defendant encroached on the property of a third party, Sue Mallard. Plaintiff further alleged Sue Mallard "has demanded $5,323.00 as payment for said encroachments."

Defendant filed an unverified answer denying all claims and moved pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure to dismiss plaintiff's cause of action. Plaintiff filed a Rule 11 motion seeking sanctions against defendant "and or its[] representative[.]"

On 24 January 2005 the trial court entered an order granting defendant's 12(b)(6) motion, dismissing plaintiff's Rule 11 motion, and dismissing plaintiff's action against defendant with prejudice. From this order, plaintiff appeals.

---

We first review certain provisions of N.C.R. App. P. 10:

(a) . . . [T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10. . . .

(c) (1) . . . Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned.

N.C.R. App. P. 10(a) and (c)(1). "[A]ssignments of error [that are] . . . broad, vague, and unspecific . . . do not comply with the North Carolina Rules of Appellate Procedure[.]" *In re Appeal of Lane Co.*, 153 N.C. App. 119, 123, 571 S.E.2d 224, 226-27 (2002).

In the instant case, the plaintiff makes the following assignments of error:

1. The court's allowance of defendant's motion to dismiss, on the grounds said allowance is contrary to caselaw of this jurisdiction.

2. The court's denial of plaintiff's motion for sanctions, on the grounds said denial was contrary to both the factual circumstances of the case and caselaw of this jurisdiction.

3. The court's retaining jurisdiction for determination of costs, on the grounds same is contrary to the caselaw of this jurisdiction.

None of these assignments of error preserve an issue for appellate review. Plaintiff's repeated assertions that the trial court's rulings were "contrary to the caselaw of this jurisdiction" fail to identify the issues briefed on appeal. We conclude these assignments or error are too "broad, vague, and unspecific" to comport with the North Carolina Rules of Appellate Procedure. *See Walker v. Walker*, 174 N.C. App. ——, —— S.E.2d —— (COA04-1601, filed 6 December 2005) (dismissing appeal where appellant's assignments of error merely reiterated that the "finding, conclusion, or decretal paragraph was 'erroneous as a matter of law.' "). "Such an assignment of error is designed to allow counsel to argue anything and everything they desire in their brief on appeal. 'This assignment—like a hoopskirt—covers everything and touches nothing.' " *Wetchin v. Ocean Side Corp.*, 167 N.C. App. 756, 759, 606 S.E.2d 407, 409 (2005) (quoting *State v. Kirby*, 276 N.C. 123, 131, 171 S.E.2d 416, 422 (1970)).

Because plaintiff failed to properly preserve for appellate review the issues presented on appeal, his appeal is

Dismissed.

Judges HUDSON and JACKSON concur.