STATE OF NORTH CAROLINA v. ELGIN ORLANDAS HART

No. COA05-1488

(Filed 1 August 2006)

## 1. Evidence— officer's testimony—constructive possession

The trial court did not abuse its discretion in a cocaine and marijuana case by overruling defendant's objection to an officer's testimony regarding constructive possession, because: (1) although the State's question linked the term constructive possession with being in close proximity to the pertinent goods, the witness never testified that defendant was in constructive possession of the evidence but instead testified to the underlying facts of defendant's location in proximity to the drugs; (2) when the assistant district attorney asked the witness more directly if defendant was in constructive possession of the evidence collected, the trial court ruled the question was inadmissible based on it being a legal issue for the jury to resolve; and (3) even assuming arguendo that the trial court erred by allowing the witness's testimony after the State's question which linked constructive possession with being next to the drugs, defendant failed to show a reasonable possibility that a different result would have been reached absent the alleged error.

## 2. Appeal and Error— preservation of issues—failure to identify issue in assignment of error

Although defendant contends the trial court erred in a cocaine and marijuana case by overruling defendant's objection to an officer's opinion testimony that defendant was guilty based on constructive possession, this assignment of error is overruled because: (1) the pertinent assignment of error stated nothing about the challenged testimony being impermissible as testimony regarding defendant's guilt; and (2) as the underlying assignment of error does not identify the issue briefed on appeal, it is in violation of N.C. R. App. P. 10(c)(1) and beyond the scope of appellate review.

## 3. Appeal and Error— preservation of issues—failure to assign error on specific basis—appellate rules violation

Although defendant contends the trial court erred in a cocaine and marijuana case by overruling defendant's objection to an officer's testimony that certain evidence constituted a crack

pipe, this assignment of error is dismissed, because: (1) nowhere in defendant's assignment of error does he assign error on this specific basis; (2) the pertinent assignment of error is broad, vague, unspecific, and fails to identify the issues on appeal, N.C. R. App. P. 10(c)(1); (3) defendant's assignment of error asserting that the police officer's testimony otherwise violated the N.C. Rules of Evidence would allow defense counsel to argue on appeal any and every violation of those rules, which neither limits the scope of appeal nor adequately puts the other party on notice of the issues presented; and (4) the Court of Appeals may not review an appeal that violates the Rules of Appellate Procedure even though such violations neither impede comprehension of the issues nor frustrate the appellate process.

**4. Drugs— possession of cocaine with intent to sell and deliver—possession of marijuana—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss charges of possession of cocaine with intent to sell and deliver and possession of marijuana at the close of the State's evidence and at the close of all evidence, because: (1) when controlled substances are found on the premises under the control of an accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession; (2) the State may overcome a motion to dismiss or motion for judgment of nonsuit by presenting evidence which places the accused within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same were in his possession; (3) although defendant did not have exclusive possession of the premises, as shown by the fact that police found rental receipts in the name of defendant and others in another person's name, other incriminating circumstances existed such as defendant's presence on the premises, the fact that the receipts existed and were found in a dresser drawer at the time of the search of the premises, the miscellaneous drug paraphernalia on the premises, and the fact that defendant had $2,609 in cash on him in small bills at the time of the search; (4) the State presented evidence that defendant was in close proximity to the controlled substances at the time of the raid in order to show constructive possession; and (5) the evidence including the state of the premises, the drug paraphernalia found on the premises, and the large

amount of cash on defendant constitute substantial evidence of the element of defendant's intent to sell and deliver.

**5. Drugs— maintaining dwelling for purposes of unlawfully keeping or selling controlled substances—motion to dismiss—sufficiency of evidence—totality of circumstances**

The trial court did not err by denying defendant's motion to dismiss the charge of maintaining a dwelling for the purposes of unlawfully keeping or selling controlled substances at the close of the State's evidence and at the close of all evidence, because: (1) under the totality of circumstances, there was substantial evidence including that police officers found receipts for rent and utility bills in a dresser drawer of the residence that were addressed to defendant, and defendant was on the premises at the time police executed the search warrant; and (2) although the police found receipts in another person's name, when viewed in the light most favorable to the State, there was sufficient evidence that defendant kept or maintained the premises such that the trial court did not err in denying defendant's motions to dismiss.

**6. Drugs— instruction—acting in concert**

The trial court did not err in a possession of cocaine with intent to sell and deliver, intentionally maintaining a building for the purpose of unlawfully keeping or selling controlled substances, and possession of marijuana case by giving an instruction on acting in concert, because the evidence sufficiently established that: (1) the State recovered rent receipts for the premises, with some of the receipts addressed to defendant and other receipts addressed to another man; (2) both men were on the premises in the same room and in close proximity to the drugs at the time of the raid; and (3) officers found defendant with $2,609.00 and the other man with $200 at the time of the raid.

**7. Drugs— instruction—constructive possession**

The trial court did not err in a possession of cocaine with intent to sell and deliver, intentionally maintaining a building for the purpose of unlawfully keeping or selling controlled substances, and possession of marijuana case by an instruction on constructive possession, because: (1) the instruction is warranted if the evidence shows defendant, while not having actual possession, has the intent and capability to maintain and control

dominion over the narcotics; and (2) there was sufficient evidence for the instruction.

**8. Drugs— intentionally keeping or maintaining a building for the purpose of unlawfully keeping or selling controlled substances—failure to instruct on lesser-included offense—misdemeanor keeping and maintaining a dwelling for controlled substances**

The trial court did not err in a prosecution for intentionally maintaining a building for the purpose of unlawfully keeping or selling controlled substances by denying defendant's motion to charge the jury on the lesser-included offense of misdemeanor maintaining a dwelling for controlled substances, because: (1) where the State's evidence is positive as to each element of the offense charged and there is no contradictory evidence relating to any element, no instruction on a lesser-included offense is required; and (2) the evidence in the case, including defendant's receipts relating to the premises, the drug paraphernalia located on the premises, and the large quantity of cash on defendant's person support an instruction that defendant acted intentionally and sufficiently established that no instruction on a lesser-included offense was required.

Judge BRYANT concurs in result only.

Judge HUNTER concurring in part and dissenting in part.

Appeal by defendant from judgment entered 13 May 2005 by Judge D. Jack Hooks, Jr. in Lenoir County Superior Court. Heard in the Court of Appeals 7 June 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Lisa H. Graham, for the State.*

*Michelle FormyDuval Lynch for defendant-appellant.*

CALABRIA, Judge.

Elgin Orlandas Hart ("defendant") appeals from jury verdicts of guilty of possession of cocaine with intent to sell and deliver, intentionally keeping or maintaining a building for the purpose of unlawfully keeping or selling controlled substances, and possession of marijuana. Defendant additionally appeals from his plea of guilty of attaining habitual felon status. We find no error.

The Kinston Police Department ("Kinston P.D.") became involved with defendant when it served a search warrant at 309 Stoughs Alley Lane, Kinston, North Carolina. At the time officers served the warrant, four men, including defendant, were present inside the premises. The search warrant named only defendant and Dontrieves Hooker ("Hooker"), and Kinston P.D. permitted the two remaining men to leave after no drugs were found on them. Officer Ken Barnes ("Barnes") testified that upon entering the premises he observed: 1) the first room officers entered from the front door was empty; 2) the second room contained a couch, dresser, and a television; 3) the third room contained a couch, a desk, and a potbelly stove; and 4) a hallway contained stacked wood. Barnes further testified that the windows were covered with clear plastic and the premises contained no beds, no refrigerator, no store bought food other than some leftovers found in the trash, and no toiletries except deodorant.

A search of the apartment revealed crack cocaine, marijuana, scales, razor blades, aluminum foil, small red baggies, and a razor blade with cardboard around the base of it, which Barnes characterized as a crack pipe. Kinston P.D. also searched both defendant and Hooker. Defendant had no drugs on his person; however, police officers found $2,609.00 in currency on him. Hooker had $200.00 in currency on him. During the investigation, Barnes also recovered January 2003 utility bills, and in a dresser drawer, he found a rent receipt for the residence addressed to defendant. Barnes also recovered rent receipts from February and March 2003, which were addressed to Hooker.

The State subsequently indicted defendant on possession with intent to sell and deliver a controlled substance, keeping or maintaining a dwelling for the use of controlled substances, and possession of a controlled substance. The State also indicted defendant on attaining habitual felon status. The Lenoir County Superior Court heard this matter on 11 May 2005, and a jury found defendant guilty of all three offenses. Defendant then pled guilty to attaining the status of a habitual felon, and the trial court sentenced him to a minimum of 151 months and a maximum of 191 months in the custody of the North Carolina Department of Correction. Defendant appeals.

[1] Defendant initially argues, "[t]he trial court erred in overruling defendant's objection to the officer's testimony regarding 'constructive possession,' as such testimony constituted an opinion as to an ultimate issue for the jury and a legal conclusion, violated the N.C. Rules of Evidence, and denied defendant due process and a fair trial."

Specifically, defendant contends that the trial court erred in allowing the following exchange to occur regarding constructive possession:

Q: Mr. Rogerson asked you if each one of these items was in the defendant's possession, do you recall that question?

A: I do recall that question.

Q: He didn't differentiate between actual possession, like in the pocket or constructive possession.

Mr. Rogerson: Objection, goes to legal argument.

Mr. Muskus: Your Honor, it was brought up by the defendant.

The Court: Go ahead.

Q. It doesn't go to constructive possession like being next to it?

A. He was next to it, yes.

Defendant argues that the trial court abused its discretion in allowing this testimony because it was inadmissible since Barnes "testified as to a legal term of art, 'constructive possession[.]' "

Under the North Carolina Rules of Evidence, "[t]estimony in the form of an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." N.C. Gen. Stat. § 8C-1, Rule 704 (2005). Rather, our courts draw a distinction between testimony regarding legal standards or conclusions and factual premises. *See HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 586, 403 S.E.2d 483, 488-89 (1991). While a witness may not testify regarding a legal standard or conclusion where the standard is a legal term of art that carries a specific legal meaning not readily apparent, *State v. Ledford*, 315 N.C. 599, 617, 340 S.E.2d 309, 321 (1986), opinion testimony regarding underlying factual premises is permissible. *HAJMM*, 328 N.C. at 586, 403 S.E.2d at 488-89. We review the trial court's determination to the admissibility of testimony under an abuse of discretion standard. *State v. Washington*, 141 N.C. App. 354, 362, 540 S.E.2d 338, 395 (2000). An abuse of discretion occurs when a ruling of the trial court "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988) (citations omitted).

In the case *sub judice*, during cross-examination of Barnes, defendant's attorney showed Barnes various pieces of evidence and

repeatedly asked him the question "[Defendant] wasn't in possession of this; was he?" Barnes responded "no" each time he answered the question. On redirect, the Assistant District Attorney attempted to establish the possession element of the State's case by having Barnes clarify defendant's location in relation to the evidence for purposes of establishing constructive possession. Barnes then testified that defendant "was next to" the evidence collected. Although the State's question linked the term "constructive possession" with being in close proximity to the goods, Barnes never testified that defendant was in "constructive possession" of the evidence; rather, he testified to the underlying facts of defendant's location in proximity to the drugs. Indeed, when the Assistant District Attorney asked Barnes more directly if defendant was in constructive possession of the evidence collected, the trial court ruled the question was inadmissible because constructive possession is a legal issue for the jury to resolve. Even assuming *arguendo* that the trial court erred in allowing the witness's testimony after the State's question, which linked constructive possession with being "next to" the drugs, defendant has failed to show "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial[.]" N.C. Gen. Stat. § 15A-1443(a) (2005). For the foregoing reasons, we hold this argument is without merit.

**[2]** Defendant additionally argues, "If this court were to find that the testimony was admissible as it did not embrace a legal term of art, the testimony was still inadmissible as to the police officer's opinion that defendant was guilty." Defendant's pertinent assignment of error states:

> The trial court erred in overruling defendant's objection as to the officer's testimony regarding "constructive possession," as such testimony constituted an opinion as to an ultimate issue for the jury and a legal conclusion, violated the N.C. Rules of Evidence, and denied defendant due process, a fair trial, and his legal and constitutional rights.

This assignment of error states nothing about the challenged testimony being impermissible as testimony regarding defendant's guilt. Accordingly, the underlying assignment of error does not identify the issue briefed on appeal and is in violation of N.C. R. App. P. 10(c)(1) (2006). *See May v. Down East Homes of Beulaville, Inc.*, 175 N.C. App. 416, 418, 623 S.E.2d 345, 346 (2006) (holding broad, vague, and unspecific assignments of error do not comport with the North Carolina Rules of Appellate Procedure). Because the assignment of

error is a violation of Rule 10, this argument is beyond the scope of appellate review, and we do not address it. N.C. R. App. P. 10(a) ("[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10 . . .").

[3] Defendant next argues, "The trial court erred in overruling defendant's objection as to the officer's testimony that certain evidence constituted a "crack pipe," as such testimony violated the N.C. Rules of Evidence and denied defendant due process and a fair trial." Defendant's underlying assignment of error states,

> The trial court erred in overruling defendant's objection as to the officer's testimony that certain evidence constituted a "crack pipe," as such testimony constituted an opinion as to an ultimate issue for the jury and a legal conclusion, otherwise violated the N.C. Rules of Evidence, and denied defendant due process, a fair trial and his legal and constitutional rights.

Defendant's argument on appeal is that testimony characterizing the evidence as a crack pipe was inadmissible under N.C. Gen. Stat. § 8C-1, Rule 701 (2005) because Barnes's opinion was not "rationally based on the perception of the witness." Nowhere in defendant's assignment of error does he assign error on this specific basis; rather, he states generally that the challenged testimony "otherwise violated the N.C. Rules of Evidence." Accordingly, this assignment of error is broad, vague, and unspecific, and it fails to identify the issues on appeal. *See* N.C. R. App. P. 10(c)(1); *May, supra*. Therefore, we do not address this argument because it is beyond the scope of appellate review. *See* N.C. R. App. P. 10(a).

The dissent argues our holding that the aforementioned assignment of error fails to comply with N.C. R. App. P. 10(c)(1) "would require appellants to include every detail of their planned argument in the assignment of error for fear of dismissal." To the contrary, appellants need only comply with the Rule as written. Appellants must "state *plainly, concisely[,] and without argumentation* the legal basis upon which error is assigned." N.C. R. App. P. 10(c)(1) (emphasis added). The purpose of assignments of error is to limit the scope of the appeal, N.C. R. App. P. 10(a), and to put the other party on notice of the issues to be presented. *Broderick v. Broderick*, 175 N.C. App. 501, 502-03, 623 S.E.2d 806, 807 (2006). Defendant's assignment of error asserting that the police officer's testimony "otherwise violated the N.C. Rules of Evidence" would allow defense counsel to

argue on appeal any and every violation of the North Carolina Rules of Evidence. Thus, the assignment of error neither limits the scope of appeal nor adequately puts the other party on notice of the issues presented. Accordingly, rather than being readily distinguishable as the dissent asserts, *Beulaville* is directly on point.

The dissent further asserts that we should exercise discretion under N.C. R. App. P. 2 (2006) to address defendant's assignment of error, provided that we do not "create an appeal for an appellant." The dissent also asserts that

> dismissal of defendant's argument for such technical rules violations, when defendant's assignment of error and brief are sufficient to direct the attention of this Court and the State to the issue on appeal, would require mandatory dismissal of all cases where a minor violation of our appellate rules have occurred, even those which neither impede the work of the Court nor disadvantage the appellant.

Our Supreme Court has repeatedly held, "The North Carolina Rules of Appellate Procedure are mandatory and failure to follow these rules will subject an appeal to dismissal." *See, e.g., Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005) (citations and internal quotations omitted). Moreover, our Supreme Court recently reversed *per curiam Munn v. N.C. State Univ.*, 173 N.C. App. 144, 617 S.E.2d 335 (2005) for the reasons stated in Judge Jackson's dissenting opinion. *Munn v. North Carolina State University*, 360 N.C. 353, 354, 626 S.E.2d 270, 271 (2006). In her opinion, Judge Jackson cited *State v. Buchanan*, 170 N.C. App. 692, 695, 613 S.E.2d 356, 357 (2005) for the proposition, "Our Supreme Court has stated that this Court may not review an appeal that violates the Rules of Appellate Procedure *even though such violations neither impede our comprehension of the issues nor frustrate the appellate process.*" (Emphasis added). Thus, by reversing for the reasons stated in Judge Jackson's dissent, our Supreme Court has directly spoken on this issue.

"It is elementary that this Court is bound by holdings of the Supreme Court," *Rogerson v. Fitzpatrick*, 121 N.C. App. 728, 732, 468 S.E.2d 447, 450 (1996), and it is a well-established rule of appellate law that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty Assessed*

*for Violations of Sedimentation Pollution Control Act*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). The dissent's approach contradicts our Supreme Court's holdings in *Viar* and *Munn* as well as this Court's holding in *Buchanan*, and thus I respectfully contend this approach is improper.

**[4]** Defendant also argues, "The trial court erred in denying the defendant's motion to dismiss all charges at the close of the State's evidence, and at the close of all evidence, inasmuch as the evidence was insufficient to support convictions for each of the charges, thereby denying defendant due process and a fair trial." Upon reviewing a trial court's denial of a motion to dismiss, we view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). We then consider *de novo*

> whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied. If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed.

*State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002) (citations omitted).

Defendant argues that the trial court erred in denying his motion to dismiss as to the charges of felonious possession of cocaine with intent to sell and deliver as well as misdemeanor possession of marijuana because the State failed to present sufficient evidence of possession. North Carolina General Statutes § 90-95(a)(1) (2005) states, " . . . it is unlawful for any person: [t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." *Id.* This Court has held, pursuant to this statute, the State must prove two elements in order to convict a defendant of felonious possession of cocaine with intent to sell or deliver: "1) knowing possession of [cocaine] and 2) possession with intent to sell or deliver it." *State v. Thobourne*, 59 N.C. App. 584, 590, 297 S.E.2d 774, 778-79 (1982). In order to convict a defendant under N.C. Gen. Stat. § 90-95(a)(3) (2005), the State must show possession of a controlled substance. *Id.* Marijuana is a controlled substance under N.C. Gen. Stat. § 90-94 (2005).

Defendant specifically argues that the trial court erred in failing to grant his motion to dismiss because "it is uncontroverted that defendant did not have actual possession of a controlled substance[,] [and] [t]here was no substantial evidence of constructive possession." In order to show constructive possession, the State must establish that defendant had the power and intent to control disposition of the controlled substances. *See State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). Our Supreme Court has held, "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *Id.* Moreover, it is unnecessary to establish "that an accused has exclusive control of the premises where paraphernalia are found, but 'where possession . . . is nonexclusive, constructive possession . . . may not be inferred without other incriminating circumstances." *State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987) (citations omitted). "The State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.' " *Harvey*, 281 N.C. at 12-13, 187 S.E.2d at 714.

In the case *sub judice*, the State presented evidence that officers found a rent receipt and a utility receipt for the premises from January 2003 with defendant's name on it, which goes to the issue of defendant's control of the premises. Although defendant did not have exclusive possession of the premises, as shown in that the State also found receipts in the name of Hooker, other incriminating circumstances existed such as defendant's presence on the premises, the fact that the receipts existed and were found in a dresser drawer at the time of the search of the premises, the miscellaneous drug paraphernalia on the premises, and the fact that defendant had $2,609.00 in cash on him in denominations of fives, tens, and twenties at the time of the search. Moreover, the State presented additional evidence that defendant was in close proximity to the controlled substances at the time of the raid. This evidence constitutes substantial evidence of constructive possession such that the trial court did not err in denying defendant's motion to dismiss. *See State v. Alston*, 91 N.C. App. 707, 711, 373 S.E.2d 306, 310 (1988). Accordingly, this assignment of error is overruled.

Defendant further argues, "[s]hould this court find that there was substantial evidence of constructive possession, there was no sub-

stantial evidence of an intent to sell and deliver the cocaine[.]" The evidence including the state of the premises, the drug paraphernalia found on the premises, and the large amount of cash on defendant constitute substantial evidence of the element of defendant's intent to sell and deliver. Thus, we hold that this argument is without merit.

**[5]** Defendant also argues that substantial evidence did not support the elements of maintaining a dwelling for the purposes of unlawfully keeping or selling controlled substances. Pursuant to N.C. Gen. Stat. § 90-108(a)(7) (2005), it is unlawful:

> To knowingly keep or maintain any . . . dwelling house . . . which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article[.]

North Carolina General Statutes § 90-108(b) further provides:

> Any person who violates this section shall be guilty of Class 1 misdemeanor. Provided, that if the criminal pleading alleges that the violation was committed intentionally, and upon trial it is specifically found that the violation was committed intentionally, such violations shall be a Class I felony.

In order to establish the greater offense with which the State charged defendant, the State must show defendant: (1) intentionally kept or maintained; (2) a premises; (3) for the purpose of keeping or selling controlled substances. *Id. See also State v. Frazier,* 142 N.C. App. 361, 365, 542 S.E.2d 682, 686 (2001). Defendant specifically argues that the State has failed to show he "ke[pt] or maintained" the premises. This Court has held,

> Whether a person "keep[s] or maintain[s]" a place, within the meaning of N.C. Gen. Stat. § 90-108(a)(7), requires consideration of several factors, none of which are dispositive. . . . Those factors include: occupancy of the property; payment of rent; possession over a duration of time; possession of a key used to enter or exit the property; and payment of utility or repair expenses.

*Frazier,* 142 N.C. App. at 365, 542 S.E.2d at 686 (citations omitted). We look to the totality of circumstances in determining whether a premises is maintained for the purposes of keeping or selling controlled substances. *State v. Mitchell,* 336 N.C. 22, 34, 442 S.E.2d 24, 30 (1994). Under the totality of circumstances test, we hold that on these

facts there was substantial evidence that defendant kept or maintained the premises. As stated *supra*, police officers found receipts for rent and utility bills in a dresser drawer of the residence that were addressed to defendant, and defendant was on the premises at the time police executed the search warrant. Although the police also found receipts in Hooker's name, when viewed in the light most favorable to the State, there is sufficient evidence that defendant kept or maintained the premises such that the trial court did not err in denying defendant's motions to dismiss. Thus, this assignment of error is overruled.

[6] Defendant's next arguments relate to whether the evidence supported the trial court's instructions to the jury on acting in concert and constructive possession. This Court has held, "A trial court *must* give a requested instruction if it is a correct statement of the law and is supported by the evidence." *State v. Haywood*, 144 N.C. App. 223, 234, 550 S.E.2d 38, 45 (2001) (emphasis added). "Before the court can instruct the jury on the doctrine of acting in concert, the State must present evidence tending to show two factors: (1) that defendant was present at the scene of the crime, and (2) that he acted together with another who did acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime." *State v. Robinson*, 83 N.C. App. 146, 148, 349 S.E.2d 317, 319 (1986). The evidence presented established that: (1) the State recovered rent receipts for the premises, with some of the receipts addressed to defendant and other receipts addressed to Hoover; (2) both men were on the premises in the same room and in close proximity to the drugs at the time of the raid; and (3) officers found Hoover with $200.00 and defendant with $2,609.00 at the time of the raid. We hold these facts sufficiently support the trial court's instruction on acting in concert.

[7] An instruction on constructive possession is warranted if the evidence shows "the defendant, while not having actual possession, . . . has the intent and capability to maintain control and dominion over the narcotics." *State v. Butler*, 356 N.C. 141, 146, 567 S.E.2d 137, 140 (2002) (internal quotations omitted). For the reasons stated *supra* in relation to defendant's argument that the trial court erred in denying his motion to dismiss because the State failed to show possession, we hold that there was sufficient evidence to support the trial court's instruction on constructive possession. Accordingly, defendant's argument is without merit.

[8] Defendant's final argument on appeal addresses the issue of whether the trial court "erred in overruling defendant's motion to

STATE v. HART

[179 N.C. App. 30 (2006)]

charge the jury on the lesser included offense of misdemeanor keeping and maintaining a dwelling for controlled substances." Our Supreme Court has held, "An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002). The trial court should consider whether there "is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981). "Where the State's evidence is positive as to each element of the offense charged and there is no contradictory evidence relating to any element, no instruction on a lesser included offense is required." *Millsaps*, 356 N.C. at 562, 572 S.E.2d at 772 (citations omitted).

As stated *supra*, if a person *knowingly* keeps or maintains a dwelling house for the purposes of unlawfully keeping or selling controlled substances, he or she is guilty of a misdemeanor. *See* N.C. Gen. Stat. §§ 90-108(a),(b). However, if a person *intentionally* participates in the same conduct, he or she is guilty of a Class I felony. *See* N.C. Gen. Stat. § 90-108(b). "Knowingly" means a person is aware of a high probability of a given activity's existence, *State v. Bright*, 78 N.C. App. 239, 243, 337 S.E.2d 87, 89 (1985), whereas "[a] person acts intentionally if [he or she] desires to cause the consequences of [his or her] act or that [he or she] believes the consequences are substantially certain to result." *Id.* The evidence in this case, including defendant's receipts relating to the premises, the drug paraphernalia located on the premises, and the large quantity of cash on defendant's person support an instruction that defendant acted intentionally and sufficiently establish that no instruction on a lesser included offense was required.

No error.

Judge BRYANT concurs in the result only.

Judge HUNTER concurs in part and dissents in part with a separate opinion.

HUNTER, Judge, concurring in part and dissenting in part.

I disagree with the majority's decision that one of defendant's arguments must be dismissed for appellate rules violations. Ac-

cordingly, I respectfully dissent from that portion of the opinion dismissing defendant's arguments relating to the admission of the testimony by the officer regarding the "crack pipe".

The majority holds that defendant's fourth assignment of error is "beyond the scope of appellate review" under North Carolina Appellate Rule 10 because the assignment of error is purportedly "broad, vague, and unspecific, and . . . fails to identify the issues on appeal." However, "[a]n assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references." N.C.R. App. P. 10(c)(1).

Defendant's underlying assignment of error states:

The trial court erred in overruling defendant's objection as to the officer's testimony that certain evidence constituted a "crack pipe", as such testimony constituted an opinion as to an ultimate issue for the jury and a legal conclusion, otherwise violated the N.C. Rules of Evidence, and denied defendant due process, a fair trial and his legal and constitutional rights.

Defendant's assignment of error is followed by an appropriate transcript reference. The heading of defendant's argument in his brief reads as follows: "The trial court erred in overruling defendant's objection as to the officer's testimony that certain evidence constituted a 'crack pipe', as such testimony violated the N.C. Rules of Evidence, and denied defendant due process and a fair trial." This heading is followed by proper references to the corresponding assignment of error and to the record. Defendant then argues in his brief that the testimony by the officer characterizing the evidence as a "crack pipe" was inadmissible opinion testimony pursuant to Rule 701 of the North Carolina Rules of Evidence. The majority concludes, however, that defendant's assignment of error is so broad as to evade appellate review. I do not agree.

Defendant's assignment of error adequately preserves his argument on appeal. The majority's position to the contrary would require appellants to include every detail of their planned argument in the assignment of error for fear of dismissal. The case cited by the majority in support of its position, *May v. Down East Homes of Beulaville, Inc.*, 175 N.C. App. 416, 623 S.E.2d 345 (2006), is readily distinguishable from the instant case. There, the appellant assigned error on the grounds that the trial court's ruling was " 'contrary to caselaw of this

jurisdiction.' " *Id.* at 418, 623 S.E.2d at 346. The *May* Court noted that such an assignment was " 'designed to allow counsel to argue any-thing and everything they desire in their brief on appeal. "This assign-ment—like a hoopskirt—covers everything and touches nothing." ' " *Id.* (citations omitted). This Court has dismissed similar assignments of error where the assignment has failed to state a legal basis upon which the error is based. *See, e.g., Broderick v. Broderick,* 175 N.C. App. 501, 502-03, 623 S.E.2d 806, 807 (2006) (dismissing assignment of error which stated simply " 'Plaintiff-Appellant assigns as error the following: Entry of the Order for Modification of Alimony filed October 7, 2004[,]' " with no legal basis given for purported error); *Krantz v. Owens,* 168 N.C. App. 384, 388, 607 S.E.2d 337, 341 (2005) (no legal basis stated in assignment of error).

In contrast to the assignments of error raised by the appellants in *May, Broderick,* and *Krantz,* the assignment of error raised by defendant in the present case states a defined legal basis for error. Defendant properly assigned error to and argues that admission of the officer's testimony was inadmissible opinion testimony under the North Carolina Rules of Evidence. Defendant's failure to specifically reference Rule 701 should not subject his argument to dismissal. This Court has determined that where assignments of error are technically deficient, but where understanding of the legal issues is not impeded, such assignments of error will be addressed on the merits. *See, e.g., Nelson v. Hartford Underwriters Ins. Co.,* 177 N.C. App. 595, 604, 630 S.E.2d 221, 228 (2006) ("[h]ere, although plaintiffs' assignment of error concerning the motion to dismiss is deficient, its deficiency nev-ertheless does not prevent our review of the factual and legal conclu-sions made by the October 2004 order").

In other cases where assignments of error have been deemed too broad, this Court has exercised its discretion under Rule 2 and addressed the argument on its merits. *See, e.g., Youse v. Duke Energy Corp.,* 171 N.C. App. 187, 191-92, 614 S.E.2d 396, 400 (2005) (electing to review the plaintiff's appeal despite finding that the plaintiff had committed numerous rules violations, as the Court was able to deter-mine the issues in the case on appeal and defendant was put on suffi-cient notice of the issues on appeal as evidenced by the filing of a brief that thoroughly responded to plaintiff's arguments on appeal); *Wetchin v. Ocean Side Corp.,* 167 N.C. App. 756, 758-59, 606 S.E.2d 407, 409 (2005) (stating that, "[d]espite this defect, we choose to exer-cise our discretion under Rule 2 of the Rules of Appellate Procedure and address plaintiffs' appeal on the merits"). Rule 2 of the North

Carolina Rules of Appellate Procedure allows this Court to review an appeal, despite rules violations. N.C.R. App. P. 2; *see Bald Head v. Village of Bald Head,* 175 N.C. App. 543, 545-46, 624 S.E.2d 406, 408 (2006). As noted in *State v. Johnston,*

> "[Rule 2] expresses an obvious residual power possessed by any authoritative rule-making body to suspend or vary operation of its published rules in specific cases where this is necessary to accomplish a fundamental purpose of the rules . . . [and] may be drawn upon by either appellate court where the justice of doing so or the injustice of failing to do so is made clear to the court."

*Johnston,* 173 N.C. App. 334, 339, 618 S.E.2d 807, 810 (2005) (quoting N.C.R. App. P. 2, Commentary (1977)). As has been previously noted by this Court, however, our Supreme Court in *Viar* "admonished this Court not to use Rule 2 to 'create an appeal for an appellant[.]' " *Davis v. Columbus Cty. Schools,* 175 N.C. App. 95, 98, 622 S.E.2d 671, 674 (2005) (quoting *Viar,* 359 N.C. 400, 402, 610 S.E.2d 360, 361, *rehearing denied,* 359 N.C. 643, 617 S.E.2d 662 (2005)). *Viar* specifically noted that the underlying majority opinion in that case illustrated the need for consistent application of the appellate rules as it addressed an issue not raised or argued by the appellant, leaving the appellee "without notice of the basis upon which an appellate court might rule." *Viar,* 359 N.C. at 402, 610 S.E.2d at 361.

In cases where the use of Rule 2 does not "create an appeal for an appellant[,]" however, this Court has continued to use the discretionary power vested within the Rule. *See Bald Head,* 175 N.C. App. at 545, 624 S.E.2d at 408 (holding that "because plaintiffs submitted their notice of errata before oral argument, and because we need not 'create an appeal' for appellants, we choose to review the appeal pursuant to our discretion under Rule 2"); *Coley v. State,* 173 N.C. App. 481, 483, 620 S.E.2d 25, 27 (2005) (holding that the decision "not to dismiss the present case for minor rules violations does not lead us to 'create an appeal for an appellant' or to examine any issues not raised by the appellant").

Much like in *Bald Head* and *Coley,* review of defendant's argument, despite any technical rules violations, would not "create an appeal" or examine an issue not raised by defendant. Rather, dismissal of defendant's argument for such technical rules violations, when defendant's assignment of error and brief are sufficient to direct the attention of this Court and the State to the issue on appeal, would require mandatory dismissal of all cases where a minor viola-

tion of our appellate rules has occurred, even those which neither impede the work of the Court nor disadvantage the appellant. To require the automatic dismissal of all cases for hyper-technicalities was surely not the intention of our Supreme Court in its decision in *Viar*, for to read the holding otherwise would eviscerate this Court's ability to use Rule 2 to "prevent manifest injustice to a party, or to expedite decision in the public interest[.]" N.C.R. App. P. 2.

Defendant's present assignment of error adequately preserves his argument on appeal. Any deficiency in the assignment of error does not impede appellate review or deprive the opposing party of notice. The State has fully responded to the merits of defendant's argument in its brief on appeal. Notably, the State never argued that defendant failed to preserve this issue for appellate review. This Court could moreover exercise its discretion under Rule 2 and address defendant's argument on its merits. I would hold that defendant's argument relating to the admission of testimony by the officer regarding the "crack pipe" was properly preserved, and I would address the argument on its merits. Alternatively, I would exercise this Court's discretion pursuant to Rule 2 and elect to entertain defendant's argument.