675 S.E.2d 44 (2009)
In the Matter of S.M.S.
No. COA08-970.
Court of Appeals of North Carolina.
April 7, 2009.
Attorney General Roy Cooper, by Assistant Attorney General Gaines M. Weaver, for the State.
Sofie W. Hosford, Wilmington, for respondent-appellant.
HUNTER, JR., ROBERT N., Judge.
S.M.S. ("respondent") appeals from adjudication and disposition as a delinquent juvenile for second-degree trespass in violation of N.C. Gen.Stat. § 14-159.13 (2007). For reasons stated herein, we affirm.

I. Background
On 20 March 2008, respondent was adjudicated delinquent for the offense of second-degree trespass. At the hearing on this matter, the State's evidence tended to show the following: On 31 October 2007, respondent was a fifteen-year-old student at J.H. Rose High School. At approximately 1:00 p.m. on 31 October 2007, G.H., B., and E.J., fourteen-year-old girls, (collectively "the girls"), were changing clothes in the girls' locker room at J.H. Rose High School when they heard boys' voices. The girls started screaming when they saw respondent and another boy run through their locker room.
When Coach Gibson heard the girls screaming and noticed two boys going into the girls' locker room, he approached the locker room door, blew his whistle, and asked the boys to come out. Immediately upon Coach Gibson's order, respondent and the other boy exited the locker room.
*45 Coach Gibson contacted Officer Carlton Joyner of the Greenville Police Department, who was assigned to J.H. Rose High School. After reviewing school surveillance videos, Officer Joyner identified respondent as one of the boys who had been in the girls' locker room. At all relevant times, there was a sign on the front door of the locker room, marked "Girl's Locker Room."
At the 4 March 2008 Juvenile Session of Pitt County District Court, with the Honorable G. Galen Braddy presiding, respondent denied committing delinquent acts of second-degree trespass and secretly peeping into a room occupied by another person. At the close of the State's evidence, respondent moved to dismiss both charges. In an adjudication order entered 20 March 2008, the trial court dismissed the petition charging respondent with secretly peeping and adjudicated respondent delinquent for the offense of second-degree trespass. The matter was continued to the 11 March 2008 Juvenile Session of Pitt County District Court, with the Honorable P. Gwynett Hilburn presiding. On 24 March 2008, the trial court entered a level 1 disposition, which included probation and five 24-hour periods of intermittent confinement to be imposed upon any probation violation. Respondent appeals.

II. Standard of Review
We review a trial court's denial of a motion to dismiss de novo. State v. Hart, 179 N.C.App. 30, 39, 633 S.E.2d 102, 108 (2006), aff'd in part, reversed in part on other grounds, and remanded, 361 N.C. 309, 644 S.E.2d 201 (2007). "Where the juvenile moves to dismiss, the trial court must determine `whether there is substantial evidence (1) of each essential element of the offense charged, ... and (2) of [juvenile's] being the perpetrator of such offense.'" In re Heil, 145 N.C.App. 24, 28, 550 S.E.2d 815, 819 (2001) (quoting State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980)). "`Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion.'" In re S.R.S., 180 N.C.App. 151, 156, 636 S.E.2d 277, 281 (2006) (quoting State v. Wood, 174 N.C.App. 790, 795, 622 S.E.2d 120, 123 (2005)). When reviewing a motion to dismiss a juvenile petition, courts must consider the evidence in the light most favorable to the State, which is entitled to every reasonable inference of fact that may be drawn from the evidence. In re Brown, 150 N.C.App. 127, 129, 562 S.E.2d 583, 585 (2002).

III. Discussion
Respondent argues that the trial court erred in denying his motion to dismiss the petition charging him with second-degree trespass. Respondent argues that, although he violated school rules by going into the girls' locker room, his conduct did not support the charge of second-degree trespass. This Court reverses adjudications where the evidence shows no more than ordinary misbehavior or rule-breaking. In re S.M., ___ N.C.App. ___, ___, 660 S.E.2d 653, 656 (2008); see also In re Brown, 150 N.C.App. at 131-32, 562 S.E.2d at 586 (reversing an adjudication of disorderly conduct when the juvenile talked during a test, slammed a door, and begged the teacher not to send him to the office).
In the case before us, respondent was convicted of second-degree trespass, pursuant to N.C. Gen.Stat. § 14-159.13, which provides:
(a) Offense.A person commits the offense of second degree trespass if, without authorization, he enters or remains on premises of another:
(1) After he has been notified not to enter or remain there by the owner, by a person in charge of the premises, by a lawful occupant, or by another authorized person; or
(2) That are posted, in a manner reasonably likely to come to the attention of intruders, with notice not to enter the premises.
N.C. Gen.Stat. § 14-159.13 (2007). Respondent contends that he was lawfully permitted to enter the girls' locker room because it was located on school property, which is open to the public. When premises are open to the public, "the occupants of those premises have the implied consent of the owner/lessee/possessor to be on the premises, and that consent can be revoked only upon some showing *46 the occupants have committed acts sufficient to render the implied consent void." State v. Marcoplos, 154 N.C.App. 581, 582-83, 572 S.E.2d 820, 821-22 (2002), aff'd and remanded, 357 N.C. 245, 580 S.E.2d 691 (2003); see also State v. Winston, 45 N.C.App. 99, 101-02, 262 S.E.2d 331, 333 (1980) (reversing unlawful entering charge where the defendant entered a clerk's office in the court-house when it was open to the public, and evidence failed to disclose that defendant, after entry, committed acts sufficient to render the implied consent void). Respondent argues that his actions cannot constitute trespass, because he left the locker room immediately upon Coach Gibson's order to leave.
The sign marked "Girl's Locker Room" was reasonably likely to give respondent notice that he was not authorized to go into the girls' locker room, pursuant to N.C. Gen.Stat. § 14-159.13(a)(2). Furthermore, respondent's admission that he violated school rules by entering the girls' locker room supports a reasonable inference that he knew he was not permitted in the locker room. This evidence supports the trial court's denial of respondent's motion to dismiss. We overrule this assignment of error. Although respondent's actions, in the case sub judice, provided sufficient evidence of second-degree trespass, it is unclear to us why our Courts were involved in this matter when the school, in its administrative capacity, was fully capable of dealing with respondent's conduct and disciplining him appropriately.

IV. Conclusion
There was no reversible error in the trial court's denial of respondent's motion to dismiss. Accordingly, we affirm.
Affirmed.
Judges McGEE and JACKSON concur.