Bryant, Judge, dissenting.
*137 The majority holds that genuine issues of material fact exist so as to preclude summary judgment because the "record on appeal is not sufficiently developed for us to make the determination of whether the payments undertaken by the Companies [ (Smithfield Foods, Inc., and subsidiaries) ] under the Agreement were 'penalties' within the scope of Article IX § 7 of our State Constitution."
*101 The majority goes on to state that "[w]hether these payments are penalties depends upon whether they were 'intended to penalize' the Companies or 'imposed to deter future violations and to extract retribution.' " Because I believe the record on appeal is sufficient to make a determination as a matter of law on the question before this Court, I respectfully dissent.
The trial court concluded as a matter of law that funds paid pursuant to the agreement between the North Carolina Attorney General and the Companies were not subject to Article IX of the North Carolina Constitution and should not be remitted to the Civil Penalty and Forfeiture Fund. The question before this Court is whether the trial court erred in reaching this conclusion. I submit the trial court did not err.
I disagree with the majority's determination that there are genuine issues of material fact-a determination that is not otherwise supported herein. The record is replete with affidavits and submissions on the very matters for which the majority would have the trial court hold another hearing. In the summary judgment hearing before the trial court and in the arguments made before this Court, there was no argument that the case was not ripe for summary judgment or that genuine issues of material fact were yet to be decided. In fact, plaintiff-appellant states:
The question before the trial court was a matter of law-whether the Smithfield Agreement constituted a settlement agreement such that the Section III.D payments must be remitted to the Civil Penalty and Forfeiture Fund. ... ONLY A QUESTION OF LAW REMAINS ... Plaintiffs have consistently maintained this case is one "where only a question of law on the indisputable facts is in controversy."
(citation omitted). Plaintiffs then go on to outline what they consider to be the relevant, indisputable facts, none of which are in controversy.
*138 They, and all parties, acknowledge the only matter in controversy is the legal issue that has been appealed to this Court.
By determining that material issues of fact exist and that the matter should be remanded to the trial court, this Court has created an argument none of the parties anticipated. See Viar v. N. Carolina Dep't of Transp. , 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) ("It is not the role of the appellate courts, however, to create an appeal for a[ ] [party]. As this case illustrates, the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an [opposing party] is left without notice of the basis upon which an appellate court might rule." (citation omitted) ).
Therefore, based on the voluminous evidence before this Court, I would reach the main legal issue before us-which is the same issue that was before the trial court-hold that the trial court properly applied the law to the undisputed material facts of this case, and affirm the judgment of the trial court.