An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-711

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

STATE OF NORTH CAROLINA

v.

DANIEL JUNIOR BANDY

Edgecombe County
No. 11-CRS-5228

Appeal by Defendant from judgment entered 27 August 2012 by Judge W. Russell Duke, Jr. in Edgecombe County Superior Court. Heard in the Court of Appeals 27 January 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General David D. Lennon, for the State.*
>
> *Larry C. Economos for Defendant.*

DILLON, Judge.

Defendant appeals from a judgment entered upon a jury verdict finding him guilty of robbery with a dangerous weapon. All of Defendant's arguments derive from the trial court's admission of a surveillance videotape into evidence. We find no error.

The State presented evidence tending to show that on 24 July 2011, Tannisha Johnson was working as the cashier of the

Lucky Land Sweepstakes Café (hereinafter "Lucky Land"). To permit one to enter the business, Ms. Johnson had to push a button to unlock the door. Shortly before the business closed at 2:00 a.m., Defendant was the last patron in the business. Soon after Defendant walked out of the business, an unidentified man wearing a mask entered, pointed a gun at Ms. Johnson, and demanded money. Ms. Johnson complied with the man's demand. After the man left, Ms. Johnson called her friend, Taranius Whitehead, and reported that Defendant had robbed her. She also called 911 and reported the crime.

Mr. Whitehead testified that after receiving a call from Ms. Johnson, he located Defendant, his cousin, and told him that he needed to return to Lucky Land. Defendant told Mr. Whitehead that a man pointed a gun at him and instructed him to leave Lucky Land. Mr. Whitehead followed Defendant back to Lucky Land.

Sergeant William Moore of the Edgecombe County Sheriff's Department testified that he responded to a dispatch to Lucky Land on 24 July 2011. When he arrived, he saw Defendant, Ms. Johnson, Mr. Whitehead, and an unidentified female standing outside the business. Defendant told the officer that as he was leaving the business, a man wearing a white mask jumped out from

behind a water cooler, told Defendant to leave or he would kill Defendant, and ran into the business. Defendant told the officer that he then ran to his truck and left.

After Sergeant Moore testified, the State announced its intention to seek admission into evidence of a videotape recorded by a surveillance camera at the entrance to Lucky Land. Defendant objected, and the court conducted a *voir dire* hearing to determine its admissibility.

Bonnie Blackley, the co-owner of Lucky Land, testified during *voir dire* that the business had a security system that included a surveillance camera which recorded what was happening in each area of the business. She provided law enforcement with the recording for 24 and 25 July 2011. Detective Sergeant Ross Ellis of the Edgecombe County Sheriff's Department testified that he received security camera footage from Ms. Blackley's daughter, viewed the footage, and turned it over to the district attorney's office. Detective Ellis also testified that the surveillance camera was motion activated, meaning it did not record or operate unless it sensed movement. Detective John Denton of the Rocky Mount Police Department testified that he received the footage from the district attorney's office and

shortened the length of the footage to show only the time frame pertinent to the crime.

Defendant's counsel conceded that the recording was authentic, but argued that the recording was misleading and not admissible because of time gaps in the recording. The trial court ruled that the recording was authentic and admissible. When the State later offered the recording into evidence, Defendant did not object.

Detective Ellis later testified before the jury that he had searched Defendant's vehicle and found a wallet belonging to a person named "Leonard Jenkins," several rounds of revolver ammunition, and several bullet holes in the vehicle. His department has not been able to find Leonard Jenkins.

To bring forward on appeal a challenge to the admission of evidence, a defendant must object to the evidence when it is actually introduced at trial. *State v. Ray*, 364 N.C. 272, 277, 697 S.E.2d 319, 322 (2010). An objection to the admission of evidence during a hearing outside the presence of the jury before or during another portion of the trial is insufficient to preserve the issue for full review. *Id.* Absent a timely objection, the defendant can obtain appellate relief only if he shows that the trial court committed plain error. *State v.*

*Golphin*, 352 N.C. 364, 449, 533 S.E.2d 168, 224 (2000). The defendant must specifically contend that the court committed plain error. *State v. Dennison*, 359 N.C. 312, 312-13, 608 S.E.2d 756, 756 (2005). Plain error is a "fundamental error" which had a probable impact upon the jury's verdict. *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012).

Here, Defendant alleges that the court committed plain error by admitting the videotape. We conclude, however, that the court did not commit plain error. Defendant conceded that the video recording is authentic and accurate as to what it depicts, which is Defendant's exit from Lucky Land and the masked man's entrance into the business. Defendant has not shown that the original length recording contains anything germane to the issue of his guilt, innocence, or credibility which was not shown to the jury. We conclude that the fact that the videotape was shortened to a specific time frame had no probable impact upon the jury's verdict.

Defendant also contends that he was denied effective assistance of counsel because of counsel's failure to object to the evidence at the time it was admitted. To establish a valid claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that his

defense was prejudiced by counsel's defective performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the defendant must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. For the reasons stated above, Defendant has not shown a different outcome would have occurred at trial or on appeal if counsel had interposed an objection to the condensed videotape when it was offered into evidence.

Accordingly, we conclude that Defendant received a fair trial free of prejudicial error.

NO ERROR.

Chief Judge MARTIN and Judge HUNTER, JR. concur.

Report per Rule 30(e).