An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-330

Filed: 6 October 2015

Mecklenburg County, No. 12 JA 150

IN THE MATTER OF: R. P. D.

Appeal by Respondent from orders entered 6 May 2014 and 13 August 2014 by Judge Elizabeth T. Trosch in Mecklenburg County District Court. Heard in the Court of Appeals 8 September 2015.

> *Kathleen Arundell Jackson for Petitioner-Appellee Mecklenburg County Department of Social Services.*
>
> *Administrative Office of the Courts, by GAL Appellate Counsel Matthew D. Wunsche, for Guardian ad litem.*
>
> *Ryan McKaig for Respondent-Appellant.*

INMAN, Judge.

Respondent appeals the order determining that she was not entitled to the appointment of a guardian *ad litem* and the amended adjudication and disposition order finding R.P.D. to be a neglected and dependent juvenile and awarding custody to the juvenile's father. After careful review, we affirm.

**Background**

On 19 March 2012, Mecklenburg County Department of Social Services ("DSS") filed a petition alleging that R.P.D., then two months old, was a neglected

and dependent juvenile.  At a hearing on 27 June 2012,  the court adjudicated the child as neglected and dependent, and postponed the disposition hearing until 7 August 2012.  Meanwhile, on 19 July 2012, R.P.D.'s mother ("Respondent")  filed a motion to transfer venue to Craven County where she was then residing.  The court heard Respondent's motion to transfer venue at the disposition hearing on 7 August 2012.  The court denied Respondent's motion to transfer venue and awarded custody of R.P.D. to his father.  Respondent appealed from the adjudication and disposition orders, and, on 16 April 2013, this Court filed an opinion reversing the order and remanding to the trial court for further proceedings to determine whether a guardian *ad litem* should have been appointed for Respondent.  *In re R.D.*, 2013 WL 1616102, *4 (April 16, 2013) (COA12-1400) (unpublished).

On 19 December 2013, the court held a hearing to determine whether a guardian *ad litem* should have been appointed for Respondent.  At the conclusion of the hearing, the court determined that Respondent did not need a guardian *ad litem*. The court filed a written order on 6 May 2014 reflecting that determination. Respondent filed notice of appeal from the order on 15 May 2014 but later withdrew the notice of appeal and instead filed a notice to preserve  the right of appeal.  On 13 August 2014, the court filed an amended adjudication and disposition order in which it again awarded custody of the child to his father.   Respondent filed notice of appeal on 1 December 2014 "from an ordered [sic] signed and filed the 13th day of August,

2014 in a competency hearing on remand from the Court of Appeals held on the 19th day of December, 2013."

**Motion to Dismiss**

The guardian *ad litem* for the child has filed a motion to dismiss the appeal on the grounds that the notice of appeal is (1) improper because it does not accurately identify the order from which Respondent has a right to appeal, and (2) untimely because it was not filed within thirty days after the filing of the competency order on 6 May 2014 or the amended adjudication and disposition order filed 13 August 2014. Appeals in juvenile abuse, neglect and dependency proceedings are governed by the provisions of N.C. Gen. Stat. § 7B-1001 and N.C.R. App. P. 3.1. Section (b) of N.C. Gen. Stat. § 7B-1001 provides that notice of appeal "shall be made within 30 days after entry and service of the order in accordance with G.S. 1A-1, Rule 58." N.C. Gen. Stat. § 7B-1001(b) (2013). Appellate Rule 3.1(a) provides that trial counsel or an appellant not represented by counsel "shall be responsible for filing and serving the notice of appeal in the time and manner required." N.C.R. App. P. 3.1(a) (2013). This rule further states that "except as hereinafter provided by this rule, all other existing Rules of Appellate Procedure shall remain applicable." *Id.*

Since N.C.R. App. P. 3.1 contains no provision concerning the content of the notice of appeal, we look to N.C.R. App. P. 3 for guidance. Section (d) of Rule 3 governs the content of a notice of appeal in a civil proceeding and provides that a

notice of appeal must, *inter alia,* "designate the judgment or order from which appeal is taken and the court to which appeal is taken." N.C. R. App. P. 3. Although the notice of appeal *sub judice* is inartfully drafted, we are able to determine by the reference to the date of filing that Respondent intended to appeal the adjudication and disposition order filed 13 August 2014 in Mecklenburg County District Court to the Court of Appeals.

Consistent with N.C. Gen. Stat. § 7B-1001(b), section (c) of Appellate Rule 3 provides that a party must file and serve a notice of appeal within: (1) thirty days after entry of judgment if service of the judgment upon the party occurred within three days after it is signed by the judge and filed with the clerk; or (2) thirty days after service upon the party of a copy of the judgment if service upon the party was not done within the foregoing three-day period. Here, the record shows that Respondent was not served with the judgment/order until 28 October 2014. She thus was required to file the notice of appeal on or before 27 November 2014. We take judicial notice that Thursday, 27 November 2014, was Thanksgiving Day and a legal holiday, and the next day was also a legal holiday. Respondent filed her notice of appeal on 1 December 2014, which was the first day the notice of appeal could have been filed after a Saturday, Sunday and the Thanksgiving holiday. *See* N.C.R. App. P. 27(a). We conclude the notice of appeal was adequate and timely filed. We therefore deny the motion to dismiss.

## Analysis

### I.  Guardian *Ad Litem*

Respondent contends that the court erred by failing to appoint her a guardian *ad litem*.  She argues the court should have appointed a guardian *ad litem* for her based upon (1) allegations of the petition concerning recent mental health issues experienced or exhibited by Respondent, and (2) evidence of her mental condition at the time of the original hearing on 27 June 2012.  She also argues the court's conclusions of law are not supported by its findings of fact.  We reject Respondent's arguments.

Effective to actions filed or pending on or after 1 October 2013, N.C. Gen. Stat. § 7B-1101.1(c) was amended to state that in a juvenile proceeding "[o]n motion of any party or on the court's own motion, the court may appoint a guardian ad litem for a parent who is incompetent in accordance with G.S. 1A-1, Rule 17." [1]  2013 Sess. Laws 129  §§ 32, 41.  An "incompetent adult" is defined as "an adult or emancipated minor who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions . . . whether the lack of capacity is due to mental illness . . . or similar cause or condition."  N.C. Gen. Stat. § 35A-1101(7) (2013).  Thus,

---

[1] Prior to the amendment, the statute provided:  "On motion of any party or on the court's own motion, the court may appoint a guardian *ad litem* for a parent in accordance with G.S. 1A-1, Rule 17 if the court determines that there is a reasonable basis to believe that the parent is incompetent or has diminished capacity and cannot adequately act in his or her own interest.  The parent's counsel shall not be appointed to serve as the guardian *ad litem*."  N.C. Gen. Stat. § 7B-1101.1(c) (2011).

at the time of the hearing on 19 December 2013, Respondent would have been entitled to appointment of a guardian *ad litem* only in the event that she was incompetent. *See In re T.L.H.,* ___ N.C. ___, ___, 772 S.E.2d 451, 455 (2015). Moreover, if she had been previously appointed a guardian *ad litem*, she would not have been entitled to continued assistance of a guardian *ad litem* who had been appointed based solely upon a finding of diminished capacity. *Id.* "A trial court's decision concerning whether to appoint a parental guardian *ad litem* based on the parent's incompetence is reviewed on appeal for abuse of discretion." *Id.* "[W]hen the record contains an appreciable amount of evidence tending to show that the litigant whose mental condition is at issue is not incompetent, the trial court should not, except in the most extreme instances, be held on appeal to have abused its discretion by failing to inquire into that litigant's competence." *Id.* at ___, 772 S.E.2d at 456.

We find ample support in the trial court's findings of fact for the trial court's conclusion of law that Respondent had sufficient capacity to manage her own affairs, and to make and communicate important decisions throughout the juvenile proceedings. The findings show that during hundreds of communications with her attorney, Respondent exhibited reasonable comprehension of the proceedings and never evinced impairment of her cognitive or mental abilities. Respondent fully participated in the litigation and provided rational and meaningful guidance to her attorney. She understood her attorney's role, and she "rationally communicated her

understanding of the steps she needed to take to regain custody of her son." She also "rationally communicated her understanding of the issues that brought her son into YFS custody." Assessment of Respondent by a mental health professional revealed that Respondent "was able to logically consider and respond to dilemmas in socially appropriate ways to home and medical concerns" and she "was found to be able to think rationally, logically and coherently." Respondent also rationally participated in the adjudication hearing, as her testimony was responsive to questions and rationally related to the issues. She "was able to articulate her position and demonstrated an understanding of the proceedings." Accordingly, we affirm the order determining that Respondent was not entitled to the appointment of a guardian *ad litem*.

## II.   Motion to Change Venue and Transfer of Placement

Respondent next contends "the trial court erred in denying the Respondent mother's motion to change venue and further erred in changing the child's placement from the maternal grandmother to the Respondent father." We have carefully examined Respondent's brief and we are unable to find any argument or citation of authority in support of her contention that the court erred in denying her motion to change venue. "Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C. R. App. P. 28(b)(6); *see also Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401-402, 610 S.E.2d 360, 361

(2005). Thus, we will not address whether the court properly denied Respondent's motion to change venue.

With regard to the transfer of placement from the child's maternal grandmother to the child's father, a court's dispositional order determining custody or placement of a child is reviewed for abuse of discretion. *In re T.H.*, ___ N.C. App. ___, ___, 753 S.E.2d 207, 216 (2014). "A trial court abuses its discretion when its decision is 'manifestly unsupported by reason.'" *In re M.H.B.*, 192 N.C. App. 258, 261, 664 S.E.2d 583, 585 (2008) (citation omitted).

Respondent argues that the court abused its discretion because the court removed the child from a safe, stable placement with his maternal grandmother, who was employed and able to continue to care for the child, and placed him in the custody of his father whom the child had only recently met. We disagree.

The court's findings reflect that since being contacted by DSS, the child's father has obtained an appropriate residence, cooperated with referrals, obtained items for the child's care, and requested placement of the child. The court also concluded that the child's father is a fit and proper person to have the care and custody of the child, is able to take appropriate care of the child, has stable employment and housing, and has an appropriate plan for child care. These findings and conclusions demonstrate a carefully reasoned decision by the court.

### III. Timing of the Dispositional Hearing

Respondent lastly contends that the court erred by placing time limits on the dispositional hearing. The record shows that on 27 June 2012, the court conducted the adjudication hearing and began the disposition hearing. Respondent's attorney moved to continue the disposition hearing. The court allowed Respondent's motion and scheduled the hearing for 7 August 2012 at 10:30 a.m. The court asked the parties to identify the facts that would be in issue "in order to streamline the evidence in a manner that will allow the parties to present the evidence that is germane to the facts in issue during the two[-]hour time that we're going to have on August 7th." The court resumed the disposition hearing on 7 August 2012. Partway through the hearing, the court reminded the parties that "we have fifty minutes left to conduct this hearing . . . . Use your time accordingly. If you have other witnesses, you may just want to consider that." Relying heavily upon *In re Shue*, 311 N.C. 586, 597, 319 S.E.2d 567, 574 (1984), Respondent argues that the court's time limitation restricted her ability to present all relevant evidence necessary to a determination of the child's best interest.

Respondent's reliance upon *Shue* is misplaced because we can find nothing in the present record to indicate the court prevented Respondent from presenting evidence. The appellant in *Shue* objected and moved for a mistrial when the court placed a one-hour time limitation on her presentation of evidence, and made an offer of proof for the record of the evidence she was prepared but not allowed to present.

*Id.* at 592-98, 319 S.E.2d at 571-74.  In the case at bar, the court allowed Respondent to present additional rebuttal evidence after expiration of the allotted time.  After Respondent presented that evidence, the court asked Respondent's attorney, "Okay. That is the evidence for the Respondent mother?"  Respondent's attorney replied, "Yes, Your Honor."  Despite telling the court that he had no further evidence to offer, Respondent's attorney at the conclusion of the hearing stated for the record that he "didn't have a chance to question [his] client on some issues due to time restraints." Unlike the attorney in *Shue*, Respondent's attorney did not make an offer of proof for the record as to what evidence he was not allowed to present.  Without that proffered evidence, we are unable to determine that Respondent was prejudiced.

## Conclusion

Based on our review of the relevant caselaw and the record, we affirm the trial court's orders.

AFFIRMED.

Judges BRYANT and MCCULLOUGH concur.

Report per Rule 30(e).