STATE OF NORTH CAROLINA v. CYNTHIA JOHNSTON

No. COA04-1283

(Filed 20 September 2005)

### 1. Appeal and Error— preservation of issues—first appeal of statute—interests of justice

An issue of first impression was heard under Rule 2 of the Appellate Rules of Appellate Procedure in the interests of justice even though it was not preserved for appellate review by an objection at trial. Moreover, the trial court failed to instruct on an essential element and used an incorrect version of the statute.

### 2. Crimes, Other— computer damage—felonious—amount of damage

In order to convict defendant of felonious damage to a computer, the State is required to prove that the damages exceeded $1,000 (less is a misdemeanor). Here, the trial court erred by not instructing the jury on the amount of damage; moreover, the State presented no evidence at trial that the damage exceeded $1,000. The case was remanded for entry of judgment and sentence on the misdemeanor. N.C.G.S. § 14-455(a)

### 3. Crimes, Other— computer damage—exceeding permission of owner

A computer damage defendant clearly exceeded the consent or permission of the computer's owner where patient data belonging to the owner was lost when defendant removed software belonging to her after employment difficulties.

**4. Crimes, Other— computer damage—viruses—separate crime**

"Applies to" in N.C.G.S. § 14-455 does not mean "is defined as," and subsection (b) of the statute creates an offense involving computer viruses that is separate from the offense of damage to computers in subsection (a).

**5. Crimes, Other— computer damage—indictment—not fatally flawed**

An indictment for damage to computers was sufficiently plain and intelligible and was not fatally flawed where it alleged that defendant unlawfully, willfully, and feloniously without the consent of the owner entered a controlled computer system for the purpose of damaging the system by deleting operational and system files, thereby causing a loss.

Appeal by defendant from judgment entered 19 May 2004 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 20 April 2005.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General William P. Hart and Assistant Attorney General Caroline Farmer, for the State.*

*Jeffrey Evan Noecker for defendant-appellant.*

HUNTER, Judge.

Cynthia Johnston ("defendant") presents the following issues for our consideration: Did the trial court err by (I) failing to instruct the jury regarding an essential element of felonious damage to computers; (II) denying her motion to dismiss; and (III) entering judgment on a fatally flawed indictment. After careful review, we vacate the judgment of the trial court and remand this case for entry of judgment and sentence on the misdemeanor offense of damaging computers.

The State presented evidence at trial tending to show the following: Dr. Thomas Kirby ("Dr. Kirby") is an optometrist with a practice located in four cities in New Hanover, Pender, and Brunswick Counties. Dr. Kirby and two other optometrists rotated through these four locations.

Prior to 1998, Dr. Kirby's insurance billing procedure consisted of completing a standardized health claim insurance form by hand and

mailing the form to the insurance company via standard United States mail. In order to improve efficiency, he contracted with defendant, a representative with Island Automated Medical Systems, in February of 1998 to computerize his billing system. Defendant thereafter purchased billing software and uploaded the software onto Dr. Kirby's office computers at all four locations. As payment, defendant and Dr. Kirby agreed that defendant would receive five percent (5%) of all insurance claims received from the insurance companies. Dr. Kirby testified that the computer program software was owned by defendant. Dr. Kirby also hired defendant as his data entry processor, for which he paid defendant an hourly salary in addition to the five percent (5%) portion of the insurance claims. Defendant was responsible for filing the insurance claims.

Dr. Kirby's and defendant's business relationship worked well until the end of 2000, when defendant's work quality declined due to personal problems. Defendant was absent from work without explanation, and while at work she handled personal business. As a result, a backlog developed in the number of claims processed.

On 20 October 2000, Dr. Kirby had a "counseling" meeting with defendant, during which he discussed defendant's work quality and gave defendant several warning notices. After the meeting, defendant left Dr. Kirby's office and went to her vehicle parked outside. Before getting into her car, however, defendant "spun around and came back in the office." She sat down at her desk and "did something on the [computer] keyboard." Defendant then removed a box of computer diskettes from her desk and left the building. Defendant appeared to be angry and "was mumbling something about not having to put up with this."

Dr. Kirby and two other individuals immediately checked the computer and noticed the program icon for the billing program was no longer on the computer screen. Prior to the meeting, an employee had observed the billing program up and running on the computer. Dr. Kirby testified that all of the patient and appointment information was missing. The patient information consisted of demographic data, patient demographics, names, addresses, insurance type, insurance numbers, and past claims. He testified this information was not part of defendant's software, but was stored on the hard drive. Dr. Kirby testified that the software was owned by defendant; however, the data was his property. Defendant removed the software program from the Wilmington location only. The three other locations retained the software and data.

**STATE v. JOHNSTON**

[173 N.C. App. 334 (2005)]

As a result of defendant's removal of the software, Dr. Kirby purchased a new software program that was ultimately incompatible with his computers. Dr. Kirby purchased a new computer system and hired Patricia Payne ("Payne") to attempt to rebuild the lost insurance claims. Payne reviewed the patient files, spoke with patients, and re-filed several claims. Dr. Kirby agreed to pay Payne twenty percent (20%) of anything he received from her insurance filings with insurance companies. No testimony was given regarding the amount of the lost claims.

Defendant presented no evidence. Upon review of the evidence, the jury found defendant guilty of damaging a computer. The trial court sentenced defendant to a suspended sentence of ten to twelve months imprisonment and placed her on supervised probation for thirty-six months. The trial court also ordered defendant to pay costs and restitution in the amount of $1,766.00. Defendant appeals.

Defendant argues the trial court erred by (I) failing to instruct the jury regarding an essential element of felonious damage to a computer; (II) failing to dismiss the charge of felonious damage to a computer as there was insufficient evidence that defendant acted without authorization or that her actions amounted to alteration, damage, or destruction; and (III) entering judgment on a fatally flawed indictment.

## I. Jury Instructions

[1] Defendant argues the trial court erroneously failed to instruct the jury regarding an essential element of the crime of felonious damage to a computer. Specifically, defendant contends the trial court did not instruct the jury that the computer damage must exceed $1,000.00 in order to constitute a felony.

As an initial matter, we address the State's contention that this issue is not preserved for appellate review because defendant failed to object to the trial court's instruction during the charge conference or after the charge was given to the jury. Pursuant to Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure:

A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hear-

STATE v. JOHNSTON

[173 N.C. App. 334 (2005)]

ing of the jury, and, on request of any party, out of the presence of the jury.

N.C.R. App. P. 10(b)(2). Defendant did not object to the jury instruction in this case. Therefore, we can only review this issue for plain error. *See* N.C.R. App. P. 10(c)(4); *State v. Odom,* 307 N.C. 655, 659, 300 S.E.2d 375, 378 (1983). Defendant, however, has not alleged plain error and, therefore, this issue is not properly preserved for appellate review. *See State v. Moore,* 132 N.C. App. 197, 201, 511 S.E.2d 22, 25, *disc. review denied,* 350 N.C. 103, 525 S.E.2d 469 (1999).

However, under Rule 2 of the Appellate Rules:

> To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C.R. App. P. 2.

In *Viar v. N.C. Dep't of Transp.,* 359 N.C. 400, 610 S.E.2d 360 (2005), our Supreme Court stated "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant." *Id.* at 402, 610 S.E.2d at 361. In *Viar,* the majority opinion addressed an issue not raised or argued by the plaintiff which was the basis of the Industrial Commission's decision, namely, the reasonableness of the defendant's decision to delay installation of median barriers at a dangerous location. *Id.* By addressing an issue not raised by either party, the appellee did not have notice of the issue and did not address the issue in its brief. Our Supreme Court stated "[a]s this case illustrates, the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." *Id.*

In this case, we choose to invoke Rule 2 upon our own initiative to "expedite decision in the public interest"[1] for the following reasons. First, our review of the record indicates the trial court failed to

---

1. Because we conclude invocation of Rule 2 is in the public interest, the present case is unlike that of *State v. Buchanan,* 170 N.C. App. 692, 696, 613 S.E.2d 356, 358 (2005), where this Court determined that the defendant's failure to preserve any issue for appeal did not create a "manifest injustice" and therefore declined to invoke Rule 2.

**STATE v. JOHNSTON**

[173 N.C. App. 334 (2005)]

instruct on an essential element of the crime of felonious damage to computers, to wit: the damage must exceed $1,000.00. A pattern jury instruction does not exist for this statutory crime, and the lack of a pattern jury instruction may have facilitated the error in this case. Additionally, there are no cases interpreting, analyzing, citing, or explaining Article 60 "Computer-Related Crime" of Chapter 14 of our General Statutes. Specifically, section 14-455 of our General Statutes has never been addressed by our appellate courts. Thus, even if a trial court was inclined to fashion a jury instruction from the applicable case law, no applicable case law exists. Finally, the trial court utilized the incorrect statutory version of section 14-455 to charge the jury in this case. Notably, unlike the situation in *Viar*, the parties have addressed these issues in their briefs and at oral argument.

We also find that an invocation of Rule 2 is consistent with the purpose of Rule 2. Rule 2 was enacted in 1975. In explaining the rationale of Rule 2, the drafting committee included the following commentary in our appellate rules:

> This Rule expresses an obvious residual power possessed by any authoritative rule-making body to suspend or vary operation of its published rules in specific cases where this is necessary to accomplish a fundamental purpose of the rules. The power does not of course depend upon its express reservation by the Court in the body of the Rules. It is included here as a reminder to counsel that the power does exist, and that it may be drawn upon by either appellate court where the justice of doing so or the injustice of failing to do so is made clear to the court. The phrase "except as otherwise expressly provided" refers to the provision in Rule 27(c) that the time limits for taking appeal laid down in these Rules . . . may not be extended by any court.

N.C.R. App. P. 2, Commentary (1977). We therefore address the merits of defendant's argument in order to clarify the law of computer related crime in North Carolina. *See, e.g., State v. Hudson*, 345 N.C. 729, 732, 483 S.E.2d 436, 438 (1997) (stating that, "[n]evertheless, we deny the State's request that we refuse to review the issue now. The Court of Appeals exercised its discretion pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure to consider this issue; we likewise exercise our discretion pursuant to N.C.G.S. § 7A-31 to review the Court of Appeals' decision so that the law pertaining to this issue in this jurisdiction will be consistent and clear").

[2] Defendant argues the trial court erred by failing to instruct the jury regarding the amount of damages. Under N.C. Gen. Stat. § 14-455(a) (1999), the statute in effect on 20 October 2000:

> It is unlawful to willfully and without authorization alter, damage, or destroy a computer, computer system, computer network, or any part thereof. A violation of this subsection is a Class G felony if the damage caused by the alteration, damage, or destruction is more than one thousand dollars ($1000). Any other violation of this subsection is a Class 1 misdemeanor.

*Id.* Under this statute, if the computer damage does not exceed $1,000.00, the alleged perpetrator is guilty of a Class 1 misdemeanor, and not a Class G felony.

In order to convict defendant of felonious damage to a computer, the State was therefore required to prove beyond a reasonable doubt, and the jury was required to so find, that the damages in this case exceeded $1,000.00. *Compare* N.C. Gen. Stat. § 14-72(a) (2003) (providing that "[l]arceny of goods of the value of more than one thousand dollars ($1,000) is a Class H felony"); *State v. Jones,* 275 N.C. 432, 436, 168 S.E.2d 380, 383 (1969) (emphasis omitted) (stating that, in order "to convict of the felony of larceny, it is incumbent upon the State to prove beyond a reasonable doubt that the value of the stolen property was more than two hundred dollars [now $1,000.00]; and, value in excess of two hundred dollars being an essential element of the offense, it is incumbent upon the trial judge to so instruct the jury"). As such, the trial court was required to instruct the jury regarding valuation of damages in excess of $1,000.00. *See Jones,* 275 N.C. at 436-37, 168 S.E.2d at 383 (stating that, "[t]he basis for this requirement is the elementary proposition that the credibility of the testimony, even though unequivocal and uncontradicted, must be passed upon by the jury").

The trial court here, however, failed to instruct the jury regarding the essential element of valuation. Absent such instruction, the jury did not fix the value of the damages as in excess of $1,000.00. Hence, the jury verdict did not establish defendant was guilty of the felony of damaging computers of a value in excess of $1,000.00. *See id.* (holding that, as the trial court did not instruct on the essential element of valuation for the crime of felonious larceny, the jury failed to find that the larceny of which the defendant was convicted related to property of a value of more than $200.00 (now $1,000.00), and the verdict had to therefore be considered a verdict of guilty of larceny of personal

**STATE v. JOHNSTON**

[173 N.C. App. 334 (2005)]

property of a value of $200.00 (now $1,000.00) or less); *State v. Holloway*, 265 N.C. 581, 583, 144 S.E.2d 634, 635 (1965) (holding that, where no instructions are given on value, a judgment of felonious larceny must be vacated); *State v. Cooper*, 256 N.C. 372, 381, 124 S.E.2d 91, 98 (1962) (same); *State v. Keeter*, 35 N.C. App. 574, 575, 241 S.E.2d 708, 709 (1978) (noting that "although the judgment of felonious larceny must be vacated where no instructions were given on value, the verdict will stand, and the case is to be remanded for entering a sentence consistent with a verdict of guilty of misdemeanor larceny").

Moreover, the State presented no evidence that the damage caused by defendant to Dr. Kirby's computer exceeded $1,000.00. Neither Dr. Kirby nor Payne testified regarding the amount of any lost claims. Nor was evidence presented regarding the value of Payne's services in recovering any lost data. Although the indictment against defendant alleged economic harm in the amount of thirty thousand dollars, the State failed to introduce evidence at trial to support such a finding by the jury. We must therefore vacate defendant's judgment and remand this case for entry of judgment and sentencing on the misdemeanor of damaging computers.

## II. Motion to Dismiss

[3] By further assignment of error, defendant contends the trial court erred in denying her motion to dismiss on the ground that the State failed to present evidence that she acted without authorization or that she damaged Dr. Kirby's computer. We disagree.

Defendant contends the State failed to present evidence that she acted without authorization when she removed the software from Dr. Kirby's computer. For computer-related crimes, "authorization" is defined as "having the consent or permission of the owner, or of the person licensed or authorized by the owner to grant consent or permission to access a computer, computer system, or computer network *in a manner not exceeding the consent or permission.*" N.C. Gen. Stat. § 14-453(1a) (1999) (emphasis added). Defendant argues that, as the computer software belonged to her, she acted within her authority in removing it. Dr. Kirby testified, however, that defendant's actions in removing the software also resulted in a loss of all of his patient data stored on his computer's hard drive. Both the data and the computer hard drive were the property of Dr. Kirby. Although defendant was certainly authorized to access the computer, Dr. Kirby employed defendant to enter patient data onto his computer, not to delete such files. Such action clearly "exceeded the consent or per-

mission" of Dr. Kirby, the owner of the computer, and thereby violated the statute. The trial court did not err in denying defendant's motion to dismiss.

**[4]** Defendant also contends the State failed to prove that she damaged the computer because there was no evidence that she introduced a computer virus into Dr. Kirby's computer system. The version of section 14-455 of our General Statutes in effect on 20 October 2000 provided that:

> (a) It is unlawful to willfully and without authorization alter, damage, or destroy a computer, computer system, computer network, or any part thereof. A violation of this subsection is a Class G felony if the damage caused by the alteration, damage, or destruction is more than one thousand dollars ($1,000). Any other violation of this subsection is a Class 1 misdemeanor.

> (b) This section applies to alteration, damage, or destruction effectuated by introducing, directly or indirectly, a computer program (including a self-replicating or a self-propagating computer program) into a computer, computer system, or computer network.

N.C. Gen. Stat. § 14-455 (1999). Defendant contends subsection (b) of section 14-455 in effect modifies subsection (a) to limit the crime of damage to computers to damages caused by computer viruses only. This argument has no merit. As the State notes, defendant erroneously asserts that the term " 'applies to' " means " 'is defined as.' " Under defendant's reasoning, both subsections refer to the same crime. We agree with the State that, rather than limiting subsection (a), subsection (b) creates a new separate offense relating to a computer virus. We overrule this assignment of error.

### III. Indictment

**[5]** Finally, defendant argues that the charges against her should have been dismissed in that the indictment against her was fatally flawed. The indictment against defendant charged she damaged computers by "unlawfully, willfully and feloniously . . . entering a controlled computer system from an outside line without the knowledge or consent of the owner . . . for the purpose of damaging the system by deleting operational and system files causing a loss . . . of $30,000.00." Defendant contends the indictment nowhere alleges she " 'altere[d], damage[d] or destroy[ed]' " a computer and that a fatal

variance therefore exists between the indictment and the evidence adduced at trial. We disagree.

"An indictment charging a statutory offense must allege all of the essential elements of the offense." *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996).

> "An indictment is sufficient in form for all intents and purposes if it expresses the charge in a plain, intelligible and explicit manner. It will not be quashed 'by reasons of any informality or refinement, if[,] in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment.' [*State v. Russell*, 282 N.C. 240, 244, 192 S.E.2d 294, 296 (1972)]. It is generally held that the language in a statutorily prescribed form of criminal pleading is sufficient if the act or omission is clearly set forth so that a person of common understanding may know what is intended."

*Id.* at 66, 468 S.E.2d at 224 (citations omitted) (quoting *State v. Coker*, 312 N.C. 432, 434-35, 323 S.E.2d 343, 346 (1984)).

Here, the indictment was sufficiently plain and intelligible and charged defendant with all of the essential elements of the crime of damaging computers. The indictment alleged that defendant (1) "unlawfully, willfully and feloniously"; (2) "without the knowledge or consent of the owner"; (3) "enter[ed] a controlled computer system . . . for the purpose of damaging the system by deleting operational and system files"; thereby (4) "causing a loss." The State presented evidence at trial from which the jury could find defendant damaged Dr. Kirby's computer by deleting important patient and other data from the hard drive without authority or consent. The indictment against defendant was therefore not fatally flawed, and we overrule this assignment of error.

In conclusion, we hold the trial court erred in failing to instruct the jury on an essential element of the crime of felonious damage to computers. In light of our decision, we need not address defendant's remaining assignment of error. We vacate the judgment of the trial court and remand this case for entry of judgment and sentence on the misdemeanor crime of damaging computers.

Vacated and remanded.

Judges HUDSON and GEER concur.