DILLON, Judge.
*305 Defendant Pierre Je Bron Moore was convicted of a number of charges and placed on supervised probation. While on probation, he was served with two probation violation notices. After a hearing on the matter, Judge Baddour entered a judgment revoking Defendant's probation and activating his suspended sentence. On appeal, Defendant contends that Judge Baddour lacked jurisdiction to revoke his probation, contending that the State failed to give him adequate notice that it was alleging a revocation-eligible violation. We disagree and thus affirm Judge Baddour's judgment.
*306 I. Analysis
In North Carolina, a defendant's "probation may be reduced, terminated, continued, extended, modified, or revoked...." N.C. Gen. Stat. § 15A-1344(a) (2016). However, with the passage of the Justice Reinvestment Act of 2011, it is "no longer true that [any ] violation of a valid condition of probation is sufficient to revoke defendant's probation." State v. Kornegay , 228 N.C.App. 320, 323, 745 S.E.2d 880, 882 (2013) (emphasis added). Rather, the Act enumerates three ways a defendant's probation may be revoked: (1) the defendant commits a criminal offense; (2) the defendant absconds supervision; or (3) the defendant previously served two periods of confinement in response to a violation. N.C. Gen. Stat. § 15A-1344(a).
And where the State seeks to revoke someone's probation, it "must give the probationer notice of the [revocation] hearing and its purpose, including a statement of the violations alleged." N.C. Gen. Stat. § 15A-1345(e). That is, the violation report served on the probationer must put him "on notice that the State [is] alleging a revocation-eligible violation[.]" State v. Lee , 232 N.C.App. 256, 260, 753 S.E.2d 721, 723 (2014). Absent adequate notice that a revocation-eligible violation is being alleged, the trial court lacks jurisdiction to revoke a defendant's probation, unless the defendant waives the right to notice. Kornegay , 228 N.C.App. at 322, 745 S.E.2d at 883.
In the present case, Judge Baddour revoked Defendant's probation based on his determination that Defendant had committed new criminal offenses, a revocation-eligible violation. On appeal, Defendant argues that he did not receive adequate notice that the State "intend[ed] to prove [at the hearing] that [he] violated a condition of probation that could result in the revocation of probation[.]" Kornegay , 228 N.C.App. at 322, 745 S.E.2d at 882.
The notices to Defendant alleged that he violated his probation as follows:
The Defendant has the following pending charges in Orange County ... 15 CR 51309 flee/elude arrest W/MV 6/8/15, ... 14 CR 052225 possess drug paraphernalia 6/16/15, 14 CR 052224 resisting public officer 6/16/15....
While the notices state that the pending charges constituted a violation of Defendant's probation, the notices fail to state expressly which condition of probation the State was contending had been violated. More specifically, the notices do not expressly indicate that the State was alleging *307 that Defendant had violated the condition that he not commit a new criminal offense.
Our Court has never explicitly held that certain "magic" words must be used in a notice to confer jurisdiction on a court to revoke probation. However, on a number of occasions, our Court has been called upon to determine whether certain wording in a violation report constituted adequate notice.
For instance, in State v. Lee , we held that the notice was adequate where the violation report alleged that the probationer had certain enumerated criminal charges pending and that by he had, therefore, violated the condition that he not commit a new criminal *600 offense. Lee , 232 N.C.App. at 260, 753 S.E.2d at 723-24. Indeed, it was unambiguous that the State was alleging a revocation-eligible violation. In Kornegay , however, we held that the notice was not adequate where the State alleged that the probationer possessed illegal drugs but further alleged that said possession constituted a violation of a different condition, namely that he not possess illegal drugs. Kornegay , 228 N.C.App. at 322, 745 S.E.2d at 882. Violating the condition that the probationer not possess illegal drugs, though, is not a revocation-eligible violation. Therefore, it certainly would not have been clear to the probationer in Kornegay from the notice that the State was alleging that he had committed the revocation-eligible violation of committing a new criminal offense.
We conclude that Defendant had adequate notice that the State was alleging a revocation-eligible violation of the condition, namely that he not commit a new criminal offense. Specifically, we conclude that where the notice fails to allege specifically which condition was violated but where the allegations in the notice could only point to a revocation-eligible violation, the notice is adequate to confer jurisdiction to revoke probation. Here, the only condition of Defendant's probation to which his alleged pending charges could reasonably be referring to is the condition that he not commit a new criminal offense. There is no ambiguity.
Our result might be different had the report stated that Defendant had been charged with the crime of possessing illegal drugs, without referring to a specific condition of probation. In such case, Defendant would have had to guess whether the State was alleging that he committed a non-revocation-eligible violation of possessing illegal drugs or a revocation-eligible violation of committing a new criminal offense.
We note, though, that it is always the better practice for the State to expressly state which condition of probation it is alleging has been violated.
*308 II. Conclusion
The General Assembly has stated that the State's notice must give the probationer notice of the purpose of the hearing and a statement of the violations alleged. N.C. Gen. Stat. § 15A-1345(e). We conclude that the State fulfilled its obligation in this case. Accordingly, we conclude that Judge Baddour properly exercised jurisdiction to revoke Defendant's probation, and we find no error.
NO ERROR.
Judge ELMORE concurs.
Judge HUNTER, JR., dissents by separate opinion.