CALABRIA, Judge.
 

 *535
 
 Christopher Michael Johnson ("defendant") appeals, by writ of certiorari, from a judgment revoking his probation and activating his suspended sentence. After careful
 
 *828
 
 review, we conclude that the trial court lacked jurisdiction to revoke defendant's probation based on the violations alleged. Accordingly, we vacate the trial court's judgment and remand for further proceedings.
 

 I. Background
 

 On 16 August 2013, defendant entered an
 
 Alford
 
 plea to two counts of taking indecent liberties with a child.
 
 See generally
 

 North Carolina v. Alford
 
 ,
 
 400 U.S. 25
 
 ,
 
 91 S.Ct. 160
 
 ,
 
 27 L.Ed. 2d 162
 
 (1970). These offenses occurred on or about 4 October 2011. According to the plea arrangement, defendant
 
 *536
 
 was to "receive an active sentence on one charge, and a probationary type sentence on the second count."
 
 [1]
 
 For the second count, the trial court sentenced defendant to 16 to 20 months in the custody of the North Carolina Division of Adult Correction but suspended his sentence and placed him on 36 months of supervised probation.
 

 On 5 February 2016, defendant's probation officer ("Officer Gibbs") filed a report alleging that defendant had willfully violated the following conditions of his probation:
 

 1. "Report as directed by the Court, Commission or the supervising officer to the officer at reasonable times and places ... " in that
 

 OFFENDER WAS ARRESTED IN VIRGINIA AND FAILED TO REPORT TO THIS OFFICE WITHIN 72 HOURS AFTER ARREST. RELEASE DATE ACCORDING TO JAIL WAS 1/21/16
 

 2. Condition of Probation "The defendant shall pay to the Clerk of Superior Court the 'Total Amount Due' as directed by the Court or probation officer" in that
 

 OFFENDER WAS ORDERED TO PAY COURT INDEBTEDNESS BY JUDGE IN SUPERIOR COURT AND AT THIS TIME HE HAS PAID $70.48 AND IS IN ARREARS $454.52
 

 3. Condition of Probation "The defendant shall pay to the Clerk of Superior Court the monthly supervision fee as set by law" in that
 

 OFFENDER WAS ORDERED TO PAY SUPERVISION FEES AND AS OF THIS DATE HE HAS PAID [$]104.52 AND IS IN ARREARS [$]815.48. WAS SUPPOSED TO PAY $40 A MONTH
 

 4. Condition of Probation "Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer" in that
 

 OFFENDER WAS TOLD NOT TO LEAVE THE STATE OF NORTH CAROLINA BY THIS OFFICER UNLESS HE HAD PERMISSION AND ON 1/16/16 AN OFFICER FROM VA BEACH POLICE DEPARTMENT INFORMED ME THAT
 

 *537
 
 HE WAS FOUND ASLEEP IN VIRGINIA AND ARRESTED FOR TRESPASSING. ALSO ON 8/8/15 HE WAS CAOUGHT [sic] STAYING AT A PLACE CALLED DERBY RUN IN VIRGINIA. BOTH NOT IN THE STATE OF NC AND BOTH TIMES WITHOUT PERMISSION.
 

 5. Other Violation
 

 OFFENDER WAS TOLD THAT HE HAD TO GO BACK TO SEX OFFENDER TREATMENT STARTING ON 1/13/16 BUT HE FAILED TO REPORT FOR THAT TREATMENT.
 

 On 16 February 2016, Officer Gibbs filed an addendum alleging the following additional willful violations of defendant's probation:
 

 1. "Report as directed by the Court, Commission or the supervising officer to the officer at reasonable times and places ..." in that
 

 OFFENDER MISSED HIS SCHEDULED OFFICE VISIT WITH HIS OFFICER ON 2/4/16 AND THIS IS A REGULAR CONDITION OF PROBATION. HE DID NOT CALL TO LET ME KNOW HE WOULD NOT BE HERE.
 

 2. Condition of Probation "Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer" in that
 

 ON OR ABOUT 1/21/16 OFFENDER WAS RELEASED FROM CUSTODY IN VA BEACH ACCORDING TO THEIR RECORDS AND HE HAS FAILED TO MAKE HIS WHEREABOUTS KNOWN
 

 *829
 
 TO THIS OFFICE. I CALLED HIS NUMBER AND CHECKED HIS RESIDENCE ON 2/5/16 & 2/11/16. I WAS TOLD HE HAS NOT BEEN THERE IN A WHILE. HE IS NOT IN THE LOCAL HOSPITAL OR JAIL AND HE MISSED HIS LAST APPT WITH ME. I AM NOW DECLARING HIM AN ABSCONDER.
 

 According to the violation reports filed by Officer Gibbs, defendant had not previously served any periods of confinement in response to violations ("CRV") pursuant to N.C. Gen. Stat. § 15A-1344(d2) (2015).
 

 A probation violation hearing was held in Currituck County Superior Court on 14 March 2016. Defendant admitted the violations, "but not the willfulness," and explained to the court that he was "not intending to abscond." Defendant requested that he be allowed to remain on probation so that he could continue to work and proceed with sex
 
 *538
 
 offender treatment. Officer Gibbs testified that he deemed defendant to be an absconder after "30 days without any contact" following defendant's arrest in Virginia. At the conclusion of the hearing, the trial court found defendant "in willful violation of his probation, revoke[d] him, and invoke[d] his active sentence." The court incorporated both of the violation reports filed by Officer Gibbs into its written judgment. The court also found, in pertinent part: that defendant had violated each of the conditions alleged "willfully and without valid excuse"; that "[e]ach violation is, in and of itself, a sufficient basis upon which th[e] Court should revoke probation and activate the suspended sentence"; and that "[t]he Court may revoke defendant's probation ... for the willful violation of the condition(s) that he ... not commit any criminal offense, G.S. 15A-1343(b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a)...."
 

 Three days later, on 17 March 2016, defendant reappeared before the trial court requesting reconsideration of its decision to revoke his probation. The court denied his motion. Defendant entered oral notice of appeal.
 

 II. Petition for Writ of Certiorari
 

 On 29 August 2016, defendant petitioned this Court to issue its writ of certiorari ("PWC") to review the trial court's judgment revoking his probation and activating his suspended sentence.
 
 See generally
 
 N.C.R. App. P. 21(a)(1). He acknowledges that a criminal defendant's oral notice of appeal is only effective when given "
 
 at trial
 
 ," N.C.R. App. P. 4(a)(1) (emphasis added), and it is "unclear" whether the events of 17 March 2016 were a continuation of the probation violation hearing or a new proceeding. Accordingly, defendant explains that he filed his PWC out of "an abundance of caution to ensure that [his] right to appellate review is not lost due to technical defect in his notice of appeal." Since the State did not file a response and we have discretion pursuant to N.C.R. App. P. 21(a)(1), we conclude that defendant's PWC should be granted.
 

 III. Revocation of Defendant's Probation
 

 On appeal, defendant's sole argument is that the trial court erroneously failed to exercise its statutorily mandated discretion in revoking his probation, based on the following statement at the hearing:
 

 THE COURT: Anything you want to tell me? He's admitted his violations, his PO officer pointed out the addendum. The addendum says abscond. Either he is or he is not. If he is the statute calls for revocation.
 

 *539
 
 However, we do not reach defendant's argument, since the record reveals that the trial court lacked jurisdiction to revoke defendant's probation based on the violations alleged.
 

 As an initial matter, neither the parties nor the trial court raised the issue of jurisdiction, and typically, we only address questions that are properly before us.
 
 See, e.g.
 
 ,
 
 State v. Johnston
 
 ,
 
 173 N.C. App. 334
 
 , 338,
 
 618 S.E.2d 807
 
 , 809 (2005) (stating that "it is not the role of the appellate courts ... to create an appeal for an appellant" (citation, quotation marks, and brackets omitted)). "Nevertheless, subject matter jurisdiction may not be waived, and this Court has not only the power, but the duty to address the trial court's subject matter jurisdiction on its own motion or
 
 ex mero motu
 
 ."
 
 State v. Kornegay
 
 ,
 
 228 N.C. App. 320
 
 , 321,
 
 745 S.E.2d 880
 
 , 881 (2013) (citation and quotation marks omitted). We have explained that in cases such as probation revocations, where the trial court's
 

 *830
 
 jurisdiction is statutory and the Legislature requires the [c]ourt to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the [c]ourt to certain limitations, an act of the [c]ourt beyond these limits is in excess of its jurisdiction. If the court was without authority, its judgment is void and of no effect.
 

 Id.
 
 at 321-22,
 
 745 S.E.2d at 882
 
 (citation omitted). "To establish jurisdiction over specific allegations in a probation revocation hearing, the defendant either must waive notice or be given proper notice of the revocation hearing,
 
 including the specific grounds on which his probation might be revoked
 
 ."
 
 Id.
 
 at 324,
 
 745 S.E.2d at 883
 
 (emphasis added).
 

 In the instant case, defendant allegedly violated various conditions of his probation in January and February of 2016. Therefore, the Justice Reinvestment Act of 2011 ("JRA") applies.
 
 See
 

 State v. Nolen
 
 ,
 
 228 N.C. App. 203
 
 , 204-05,
 
 743 S.E.2d 729
 
 , 730 (2013) (noting that the JRA controls probation "violations occurring on or after 1 December 2011").
 

 "The enactment of the JRA brought two significant changes to North Carolina's probation system."
 
 Id.
 
 at 205,
 
 743 S.E.2d at 730
 
 . First, the JRA imposed stringent limits on trial courts' revocation authority.
 
 See
 
 id.
 

 "[I]t is no longer true that
 
 any
 
 violation of a valid condition of probation is sufficient to revoke [a] defendant's probation."
 
 Kornegay
 
 , 228 N.C. App. at 323,
 
 745 S.E.2d at 882
 
 (emphasis added) (citation and internal quotation marks and brackets omitted). Instead, pursuant to the JRA, trial courts are only authorized to revoke probation where the defendant: "(1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1) ;
 

 *540
 
 (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a) ; or (3) violates any condition of probation after serving two prior periods of CRV under N.C. Gen. Stat. § 15A-1344(d2)."
 
 Nolen
 
 , 228 N.C. App. at 205,
 
 743 S.E.2d at
 
 730 (citing N.C. Gen. Stat. § 15A-1344(a) ). "For all other probation violations, the JRA authorizes courts to alter the terms of probation pursuant to N.C. Gen. Stat. § 15A-1344(a) or impose a CRV in accordance with N.C. Gen. Stat. § 15A-1344(d2), but not to revoke probation."
 

 Id.
 

 Second, the JRA "introduced the term 'abscond' into our probation statutes for the first time,"
 
 State v. Hunnicutt
 
 ,
 
 226 N.C. App. 348
 
 , 355,
 
 740 S.E.2d 906
 
 , 911 (2013), and established the requirement that a defendant must "[n]ot abscond by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer," pursuant to N.C. Gen. Stat. § 15A-1343(b)(3a). Prior to the JRA, courts used the term "abscond" informally to describe violations of N.C. Gen. Stat. §§ 15A-1343(b)(2)-(3), which respectively require a probationer to,
 
 inter alia
 
 , "[r]emain within the jurisdiction of the court unless granted written permission to leave" and "[r]eport as directed ... to the [probation] officer at reasonable times and places and in a reasonable manner...."
 
 See
 

 Hunnicutt
 
 ,
 
 226 N.C. App. at 355
 
 ,
 
 740 S.E.2d at 911
 
 (citations omitted). However, these terms are no longer interchangeable. The JRA eliminated informal absconding as a basis for revocation.
 
 See
 

 State v. Williams
 
 , --- N.C. App. ----, ----,
 
 776 S.E.2d 741
 
 , 745 (2015) (explaining that the State's use of the phrase "absconding supervision" to describe the defendant's actions "cannot convert violations of N.C. Gen. Stat. §§ 15A-1343(b)(2) and (3) into a violation of N.C. Gen. Stat. § 15A-1343(b)(3a)"). Today, courts may only revoke probation for absconding based on violations of N.C. Gen. Stat. § 15A-1343(b)(3a).
 

 Id.
 

 at ----,
 
 776 S.E.2d at 745-46
 
 .
 

 Although N.C. Gen. Stat. §§ 15A-1343(b)(3a) and 15A-1344(a) were both enacted as part of the JRA, the provisions have different-and sometimes conflicting-effective dates. Initially, the JRA made both changes
 

 effective for probation violations occurring on or after 1 December 2011.
 
 See
 

 2011 N.C. Sess. Laws 192
 
 , sec. 4.(d). The effective date clause was later amended, however, to make the new absconding condition applicable only to
 
 offenses
 
 committed on or after 1 December 2011, while the limited revoking authority remained effective for probation violations occurring on or after 1 December 2011.
 
 See
 

 2011 N.C. Sess. Laws 412
 
 , sec. 2.5.
 

 *831
 

 *541
 

 Nolen
 
 , 228 N.C. App. at 205,
 
 743 S.E.2d at 731
 
 (citation and quotation marks omitted). Consequently, a defendant who committed the offense underlying his probation
 
 before
 
 1 December 2011 but who violated the conditions of his probation
 
 on or after
 
 that date cannot have his probation revoked for absconding.
 
 See
 

 id.
 
 at 206,
 
 743 S.E.2d at 731
 
 . This irregularity in the statutes is colloquially referred to as a "donut hole."
 

 We recently considered the "absconding donut hole" in
 
 State v. Hancock
 
 , --- N.C. App. ----,
 
 789 S.E.2d 522
 
 (2016),
 
 disc. review denied
 
 , --- N.C. ----,
 
 795 S.E.2d 218
 
 (2017). In that case, the defendant committed the offense of possession with intent to sell or deliver cocaine on 18 January 2011 and was placed on supervised probation.
 

 Id.
 

 at ----,
 
 789 S.E.2d at 523
 
 . On 8 February and 27 March 2013, the defendant's supervising officer filed reports alleging that he had willfully violated his probation.
 

 Id.
 

 On appeal, we determined that because the "defendant committed his underlying offense prior to 1 December 2011, he was not subject to the JRA's 'absconding' condition of probation enacted in N.C. Gen. Stat. § 15A-1343(b)(3a)."
 

 Id.
 

 at ----,
 
 789 S.E.2d at 524
 
 . Moreover, because the absconding condition did not apply to him, we held that the trial court did not have the authority to revoke the defendant's probation on that basis.
 

 Id.
 

 at ----,
 
 789 S.E.2d at 525
 
 . Ultimately, however, we affirmed the trial court's revocation of his probation based on the defendant's commission of a new criminal offense, in violation of N.C. Gen. Stat. § 15A-1343(b)(1).
 

 Id.
 

 at ----,
 
 789 S.E.2d at 526
 
 . Although "the mere fact that he was charged with certain criminal offenses [wa]s insufficient to support a finding that he committed them[,]" we concluded that the trial court made an adequate "independent determination that [the] defendant committed the three offenses he was charged with ...
 
 as alleged in paragraphs ten and eleven of the 27 March 2013 violation report
 
 ."
 

 Id.
 

 (emphasis added).
 

 Probation proceedings are "often regarded as informal or summary."
 
 State v. Murchison
 
 ,
 
 367 N.C. 461
 
 , 464,
 
 758 S.E.2d 356
 
 , 358 (2014). Nevertheless, as
 
 Hancock
 
 demonstrates, the JRA's notice requirements can have significant jurisdictional implications in revocation cases.
 
 See
 
 --- N.C. App. at ----,
 
 789 S.E.2d at 526
 
 . "Absent adequate notice that a revocation-eligible violation is being alleged, the trial court lacks jurisdiction to revoke a defendant's probation, unless the defendant waives the right to notice."
 
 State v. Moore
 
 , --- N.C. App. ----, ----,
 
 795 S.E.2d 598
 
 , 599 (2016),
 
 appeal docketed
 
 , No. 22A17, --- N.C. ----, --- S.E.2d ---- (filed Jan. 13, 2017).
 

 "Our Court has never explicitly held that certain 'magic' words must be used" in order to confer the trial court with jurisdiction.
 

 Id.
 

 ;
 
 see also
 

 id="p542" href="#p542" data-label="542" data-citation-index="1" class="page-label">*542
 

 id.
 
 at ----, 795 S.E.2d at 600 (concluding "that where the notice fails to allege specifically which condition was violated but where the allegations in the notice could only point to a revocation-eligible violation, the notice is adequate");
 
 State v. Lee
 
 ,
 
 232 N.C. App. 256
 
 , 259,
 
 753 S.E.2d 721
 
 , 723 (2014) (holding that the trial court properly exercised jurisdiction where "the violation report specifically alleged that [the] defendant violated the condition of probation that he commit no criminal offense in that he had several new pending charges which were specifically identified"). However, we have consistently held that the trial court lacked jurisdiction to revoke probation where the underlying violation reports failed to notify the probationer that the State intended to pursue revocation-eligible violations.
 
 See
 

 State v. Jordan
 
 ,
 
 240 N.C. App. 90
 
 ,
 
 772 S.E.2d 13
 
 (2015) (unpublished);
 
 Kornegay
 
 , 228 N.C. App at 324,
 
 745 S.E.2d at 883
 
 (vacating the court's judgment because the "defendant did not waive notice, and the trial court revoked [the] defendant's probation for violation of a condition not included in the State's violation reports");
 
 State v. Tindall
 
 ,
 
 227 N.C. App. 183
 
 , 187,
 
 742 S.E.2d 272
 
 , 275 (2013) (holding that the trial court lacked jurisdiction to revoke probation where the supervising officer testified that the "defendant was 'arrested' but did not allege in the violation report that she violated her probation by committing a criminal offense").
 

 This case is functionally indistinguishable from our prior decisions holding that the trial court lacked jurisdiction to revoke probation. Here, defendant did not waive his right to notice of his alleged violations,
 
 Kornegay
 
 , 228 N.C. App at 324,
 
 745 S.E.2d at
 
 883
 
 *832
 
 , and the trial court mistakenly found that each violation provided sufficient grounds for revocation. Regarding the absconding provision, N.C. Gen. Stat. § 15A-1343(b)(3a) only applies to offenses committed on or after 1 December 2011.
 
 Hancock
 
 , --- N.C. App. at ----,
 
 789 S.E.2d at
 
 524 ;
 
 Nolen
 
 , 228 N.C. App. at 205,
 
 743 S.E.2d at 731
 
 . According to the judgment in the instant case, defendant committed the offense of taking indecent liberties with a child on 4 October 2011, prior to the JRA's effective date. Therefore, the absconding condition did not apply to defendant.
 
 Hancock
 
 , --- N.C. App. at ----,
 
 789 S.E.2d at
 
 524 ;
 
 Nolen
 
 , 228 N.C. App. at 206,
 
 743 S.E.2d at 731
 
 . Accordingly, the trial court erred in revoking defendant's probation based on his purported violation of N.C. Gen. Stat. § 15A-1343(b)(3a).
 
 Hancock
 
 , --- N.C. App. at ----,
 
 789 S.E.2d at 525
 
 .
 

 If this case were similar to
 
 Hancock
 
 regarding defendant's commission of a new offense, then as in
 
 Hancock
 
 , we would affirm the trial court's revocation of defendant's probation.
 
 See
 

 id.
 

 at ----,
 
 789 S.E.2d at 526
 
 . However, this case is distinguishable. Unlike
 
 Hancock
 
 , where the
 
 *543
 
 officer alleged that the defendant's new criminal charges violated the "commit no criminal offense" condition of probation,
 

 id.
 

 , here, the State failed to notify defendant that his probation might be revoked based on his trespassing arrest. Officer Gibbs did not specifically allege that defendant's trespassing arrest constituted a "new criminal offense," in violation of N.C. Gen. Stat. § 15A-1343(b)(1). While it seems abundantly clear from the transcript that the trial court's decision to revoke defendant's probation was based on absconding, the written judgment could be construed to revoke his probation based on his commission of a new criminal offense. Finding 5(a) on the AOC-CR-607 standardized form judgment states: "[t]he Court may revoke defendant's probation ... for the willful violation of the condition(s) that he ... not commit any criminal offense, G.S. 15A-1343(b)(1),
 
 or
 
 abscond from supervision, G.S. 15A-1343(b)(3a)...." (emphasis added). Insofar as the trial court found a violation of N.C. Gen. Stat. § 15A-1343(b)(1), we hold that the violation reports were insufficient to notify defendant that the State intended to revoke his probation based on his trespassing arrest in Virginia.
 
 See
 

 Tindall
 
 ,
 
 227 N.C. App. at 187
 
 ,
 
 742 S.E.2d at
 
 275 ;
 
 cf.
 

 Hancock
 
 , --- N.C. App. at ----,
 
 789 S.E.2d at 525
 
 (stating that "a trial court's ruling must be upheld if it is correct upon any theory of law" (citation and quotation marks omitted)).
 

 IV. Conclusion
 

 Since defendant did not waive his right to notice of his alleged probation violations, and the State failed to allege a revocation-eligible violation, the trial court lacked jurisdiction to revoke defendant's probation.
 
 Kornegay
 
 , 228 N.C. App. at 324,
 
 745 S.E.2d at 883
 
 . "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority."
 
 Id.
 
 at 323,
 
 745 S.E.2d at 883
 
 (citation and quotation marks omitted). Accordingly, we vacate the trial court's judgment revoking defendant's probation and remand for further proceedings.
 

 VACATED AND REMANDED.
 

 Chief Judge McGEE and Judge INMAN concur.
 

 [1]
 

 The instant appeal only pertains to file number 12 CRS 646. Neither the appellate record nor the parties' briefs contain further information about the active sentence that defendant purportedly received in file number 12 CRS 645.